DEAN v. AIKEN AND WIFE.

*Taxes. Notice to Persons Assessed for Money on Hand, &c.*

The notice required by s. 1, No. 14 of the Acts of 1866, to persons assessed for money on hand, &c., must be given *each* year, unless some legal reason exists for not giving it, or the assessment will not be valid. The fact that the same assessment was made a previous year, upon which the tax-payer paid taxes, will not obviate the necessity of giving the notice.

ASSUMPSIT for the collection of taxes in the town of Barnard for the years 1870 and 1871, brought in the name of the plaintiff who was collector of taxes in said town. Trial by jury, May Term, 1873, BARRETT, J., presiding.

It appeared that said Rhoda was the wife of said Daniel Aiken; that the taxes were assessed for money on hand and debts due to the said Rhoda; that the same property was placed in the grand list of 1869 to said Rhoda at the same amount; that the defendants had lived in Barnard a great number of years preceding 1870; that said Rhoda left said town about the middle of January, 1870, and went to Massachusetts, and that her husband followed her the last day of March following, or the last day but one, each taking with them their wearing apparel and a portion of their household furniture; that the residue of their household furniture was left in the house they occupied in Barnard, excepting a portion thereof that was sold. Testimony was introduced by the defendants tending to show that each of the defendants at the time of their leaving Barnard as aforesaid, intended to remain in Massachusetts and change their residence. Testimony was also given by the plaintiff tending to show that said removal was not with the intention of remaining, and was not with the intention of changing their residence. It also appeared that the defendant Daniel Aiken returned to Barnard in June, 1870, and stayed two or three weeks, and that in May or June, 1871, both defendants returned to Barnard, went into the house where they had left a portion of their furniture as aforesaid, and kept house therein till the following November, when defendant Rhoda returned to

Massachusetts. The said Daniel stayed in Barnard till the spring of 1872, when he also returned to Massachusetts. It appeared that the listers of Barnard gave notice of a time and place for hearing persons aggrieved, pursuant to statute, by posting notices thereof, but they did not give the said Rhoda any notice of her assessment except by posting as aforesaid. The defendant claimed that for want of such notice said assessment and said taxes were illegal, and requested the court to so charge ; but the court declined so to do, and did charge the jury on this point that if the defendant Rhoda's list was the same as it was the preceding year, no other notice was necessary.

It appeared that said taxes were assessed against said Rhoda alone, and that the said Daniel's name did not appear on the grand list ; and the defendants claimed that said taxes were therefore illegal, and requested the court to so charge ; but the court declined so to do. To the refusal to charge as requested, and to the charge as given, the defendants excepted. Verdict for plaintiff.

*J. J. Wilson*, for defendants.

The defendant Rhoda was entitled to the notice provided by statute, act of 1866, and not having had such notice, the tax is void. The posting of the notice was a nullity, for the act provides for no such proceeding. Gen. Sts. c. 83, s. 27 ; Acts of 1864, No. 64, s. 4 ; Acts of 1866, No. 14, s. 2 ; *Clement* v. *Hale,* 47 Vt. 680. If she was taxable, it was on the ground that she and her husband had a residence and dwelling-house in said Barnard, yet it is admitted that no notice was left there. It is a proceeding *in invitum*, and the steps of the statute must be strictly followed. The tax was assessed for money on hand or debts due. A *femme covert* cannot be assessed for money on hand, for by law she can have none. But if she can, her residence and not his, must determine where she shall be assessed ; and if she leave her husband and remove from the state, with the intention of changing her residence, and does so change it, as far as she is concerned, she would not be liable to taxation here simply because her husband retained a residence here.

Dean *v.* Aiken and Wife.

*D. C. Denison & Son* and *W. E. Johnson,* for plaintiff.

Notice of listers was sufficient, and the court did not err in charging the jury that if defendant Rhoda's list was the same in 1870 and 1871 that it was in 1869, no other notice was necessary than posting notices under the statute. Gen. Sts. c. 83, s. 27. This statute contemplates personal service of notice on a new list, or on an old list which has been increased. Where a list of money due, as in this case, is unchanged, and taxes have been paid on it before, as defendant Rhoda did pay taxes in 1869 on this same amount, then notice is sufficient, because the tax-payer is not injured—he knows of the list and the amount.

The opinion of the court was delivered by

PIERPOINT, Ch. J.    This is a proceeding instituted by the plaintiff as collector of taxes for the town of Barnard, to enforce the collection of taxes assessed against the said Rhoda upon the grand list of said town for the years 1870 and 1871. It appears that the grand lists for said years, on which said taxes were assessed, were made up against the said Rhoda alone, she at the time being the wife of the said Daniel, she being assessed in said lists for money on hand and debts due which she owned and held in her own right. It also appears that the listers of said town did not give notice either to the said Rhoda or the said Daniel of such assessments in either of said years, as required by the statute. It further appears, that in the year 1869 the said Rhoda was assessed in the same sum for money and debts due as in 1870 and 1871. It does not appear that she had notice of that ; but it may be assumed that she had, and that she paid the taxes thereon, as the trial below seems to have proceeded upon that idea.

The defendant requested the court to charge the jury, that for want of the notice of such assessment as required by the statute, the taxes sought to be recovered in this case were illegal. "The court declined so to charge, and did charge the jury that if the defendant Rhoda's list was the same as it was the previous year, no other notice was necessary."

In this we think there was error.   By the act of 1866, No. 14,

s. 1, it is declared that "it shall be the duty of the listers, or some one of them, to notify every person whom they shall assess for money on hand, debts due or to become due, stock in trade or manufactures, of the sum of which he, she, or they are assessed, and of the time and place when and where they will hear such persons who shall feel themselves aggrieved by their said assessments, personally, or by leaving a written notice thereof at the counting-house, shop, store, or dwelling-house of such person assessed," &c.

The statute requires that a grand list shall be made for each town annually, by listers appointed annually. The real estate to be appraised once in five years, that appraisal to stand (with certain exceptions) for the intervening years, and the personal estate to be appraised and assessed each year. There is no provision of the statute that authorizes the listers of a present year to carry the appraisal and assessment of personal property in the preceding year into their grand list. Each set of listers must act for themselves alone in respect thereto. The appraisal or assessment may be the same, but it must be that of the present board, and the notice thereof given as required by the statute. The statute is imperative, and a non-compliance with its requirements will make the list *pro tanto* void. The opportunity afforded by such notice is the only one that the tax-payer has to be heard upon the question as to the amount for which he shall be assessed and taxed for money and debts due, &c. A case might arise where the circumstances would be such as to render it impossible for the listers to give the required notice; as, where the person is out of the state, and has no such place as is named in the statute where a written notice could be left; and it is claimed in argument that this is such a case. But it appears that the defendants had a dwelling-house in Barnard that they resided in early in 1870, and also a portion of 1871, and occupied by their furniture during the whole of both years. It is said that a notice left at this house would have been of no use to the defendants, as they would not have received it. This may be so, but the statute does not require that the notice left shall be received. If it be left, that

is all that is required to make the assessment a legal one in this respect. As this might have been done and was not, the assessment was illegal.

This view of the case renders it unnecessary to pass upon the other questions made in the case.

Judgment reversed, and cause remanded.