RALPH SMITH *v.* CHARLES HARD, APT. AND TR.

*Grand List. Abstract of Personal Lists. Notice of Time and Place when Listers will Hear those Aggrieved.*

1. The alphabetical abstract of personal lists required by R. L. s, 381, should be so verified and authenticated by the listers as to carry on its face fair evidence of what it is.

2. Sheets of paper, not purporting to be such abstract, but signed on the last page by two of the listers, as listers, do not meet the requirements of that section.

3. Sheets of paper like the above, but with this certificate on the back, "We certify this to be the personal list of all the tax payers of Arlington for 1882," which was signed by the listers, do.

4. A notice by the listers of the time when and the place where they will meet and hear those aggrieved, which specifies the place and the day, but not the time of the day, is good, unless the party complaining can show that he has suffered injury by the omission to state the hour.

This was an action in general assumpsit for the recovery of certain taxes assessed on the defendant's list in the town of Arlington in the years 1881 and 1882. Plea, the general issue, and trial by jury at the June term, 1888, Veazey, J., presiding. Verdict for plaintiff. The defendant excepts.

The plaintiff offered in evidence certain sheets of paper, containing certain names and figures, but not having any heading or signature, except that the last sheet was signed by two of the listers, as listers, and inquired of the town clerk what they purported to be, who answered, under the exception of the defend-

Smith *v.* Hard.

ant, that they purported to be the alphabetical abstract of individual lists for the town of Arlington for the year 1881, having been lodged by the listers in his office as such, April 25, 1881, and that if the defendant or any one else had come to see and inquired for the alphabetical abstract, he should have shown them these papers.

The nature of the remaining exceptions appears from the opinion.

*L. Munson* and *J. C. Baker*, for the defendant.

The abstract of personal lists embodies and is the judgment of the listers upon which the grand list is founded. If this abstract is defective, the grand list itself must be, and the legislature cannot legalize it.

The abstracts for the years 1881 and 1882 were defective. *Smith* v. *Hard*, 59 Vt. 13 ; *Bartlett* v. *Wilson*, 59 Vt. 23.

*Batchelder & Barber*, for the plaintiff.

The personal abstracts were sufficient. They contained everything necessary to show the amount of the defendant's list, and if he had inquired for them of the town clerk, he would have obtained them. *Read* v. *Chandler*, 32 Vt. 286.

The notices were sufficient, certainly unless the defendant can show that he has been misled by them. Moreover, the legislature has legalized these grand lists and that will cure any defects, unless some vested right of the defendant is impaired. *Smith* v. *Hard*, 59 Vt. 13 ; Cooley Cons. Lim. 457 ; *Drake* v. *Mooney*, 31 Vt. 617 ; *Tift* v. *City of Buffalo*, 82 N. Y. 204 ; *Mattingly* v. *Dist. Co.*, 97 U. S. 686 ; *Vaughn* v. *Suazie*, 56 Miss. 705 ; *Reis* v. *Graff*, 61 Cal. 360 ; *Sinclair* v. *Learned*, 51 Mich. 335 ; Matter of Sackett, 74 N. Y. 95 ; *Weeks* v. *Milwaukee*, 10 Wis. 242 ; *Mills* v. *Gleason*, 11 Wis. 470 ; *Grim* v. *School Dist.*, 57 Pa. St. 433 ; *Gardner* v. *Hawley*, 86 Ind. 17 ; *in re* Hewitt's Appeal, 88 Pa. St. 55.

Smith *v.* Hard.

The opinion of the court was delivered by

ROYCE, Ch. J. The question as to the admissibility of the grand lists of the town of Arlington for the years 1881 and 1882 was before this court in the case between the same parties reported in the 59 Vt. 13, and it was there held that they were admissible, so the exception taken to their admission is not sustained.

The plaintiff offered in evidence certain sheets of paper, which purported to be the alphabetical abstract of individual lists for the town of Arlington for the years 1881 and 1882, and against the objection and exception of the defendant they were admitted. In *Smith* v. *Hard & Tr., supra,* the court were required to construe s. 381, R. L., and define what constituted such a personal list as is therein required, and in the able and exhaustive opinion written by Powers, J., the following rule is stated : " Such list should be verified and authenticated by the listers in such unmistakable manner as to carry on its face fair evidence of its character. It should be signed by the listers and certified as the personal lists of tax payers for the current year, or bear otherwise equivalent evidence of authenticity." The same rules were substantially re-affirmed in *Bartlett* v. *Wilson,* 59 Vt. 23.

The papers described in the exceptions as the personal list for 1881 do not purport to be such a list, and the names of the listers nowhere appear upon them; except that at the bottom of the last page are the signatures of two of the listers, as listers. There was no such verification and authentication of the papers as to show their character, and they were not signed and certified by the listers as the personal list of the tax payers for that year. The papers were wanting in all the essential particulars that, under the rule above stated, were necessary to constitute a legal abstract of personal list, and it was error to admit them as evidence.

The papers purporting to be the personal list for 1882 were like those above described, except that on the back of the last page was endorsed this certificate : " We certify this is the per-

sonal list of all the tax payers of Arlington for 1882," which was signed by the listers. That signing and certification, we think, answered the requirements of the law. It constituted a part of the papers which were left in the town clerk's office as the personal lists of that year. It was immaterial upon what part of the papers the signatures and certificate were made, if they were so made that tax payers, having occasion to examine them, could ascertain that the signatures and certificate were the official act of the listers. We think those papers were properly admitted in evidence.

The next exception that is insisted upon is as to the sufficiency of the notices given by the listers in 1881 and 1882, in appointing the places where and times when they would meet to hear those feeling aggrieved at their assessments or lists. The notice for 1881 was that those who felt aggrieved could have a hearing before the listers at Austin Bartlett's hotel in Arlington, on the 10th day of May, 1881; and the one for 1882 was that such persons could have a hearing at the town hall on the 6th day of May, 1882. It does not appear that it was claimed that there were any other places in Arlington so corresponding with those named in the notices that there could be any doubt as to the place intended. The places were defined with sufficient certainty, and with as much certainty as is generally observed in naming the place where process is returnable. But the principal complaint is the omission to specify the time in the day when a hearing could be had. If the same rule is to be applied here that has been in holding that in a returnable process a particular hour must be named, there would be great force in the objection; but we do not think the same strictness should be required. Taking all the statute requirements upon the subject of notices, a certain designation of the place and day would seem to be all that can be reasonably required. A more strict construction of the law should not be given without proof that the party complaining has suffered by the omission. It was not error to admit the notices.

Smith *v.* Hard.

The defendant excepted to the admission of the rate-bill and warrant for the State tax for 1882, for the reason that if the certificate was true the tax was assessed upon the wrong grand list. The tax was required to be assessed by No. 127 of the Acts of 1882, on the grand list of 1882, and the certificate shows that it was assessed upon such list; so that we are unable to see, allowing the certificate to be true, how it can be claimed that the tax was assessed upon the wrong grand list. It was not error to admit the rate bill and warrant.

We have thus examined those of the exceptions here insisted upon, and find no error, except in the admission of the papers claimed to be an abstract of the personal list of 1881; and for the error there committed,

*The judgment is reversed and cause remanded.*