## W. H. Hughes *vs.* A. A. Kelley.

### May Term, 1897.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson, Start and
Thompson, JJ.

*Tax List Invalid—Tax Bill—Misapplication of Balance.*

The plaintiff's list for 1891 was void under the holding in *Sprague* v.
*Fletcher*, 69 Vt. 69, for he answered the necessary interrogatories and
was denied the deductions which would have been allowed him had he
been an inhabitant of this State; but he cannot raise the same objection
to the list for 1890, having failed in his inventory for that year to
answer the interrogatories.

The tax-bill for 1890 was not illegal, for although the taxes were blended
therein, sufficient data were given to show the nature and amount of
each tax.

A collector, acting in good faith and with due regard to the rights
of the parties, may sell property *en masse*, instead of selling by the parcel
or by the unit enough to bring the required amount, returning the balance
above tax and costs to the person whose property is distrained; and if
he misapply a part of the balance in payment of interest, he does not
thereby become a trespasser, for the wrong is not to the property itself.

Trespass and Trover. Plea, the general issue and notice
of justification under tax warrants. Heard upon the report
of a referee and exceptions thereto by both parties at the
September Term, 1895, Rutland County, *Rowell*, J., presiding.
Judgment, *pro forma*, overruling exceptions and for the
plaintiff to recover the amount specified in the report. The
defendant excepted.

*Fayette Potter* and *G. E. Lawrence* for the defendant.

*Joel C. Baker* for the plaintiff.

Rowell, J. This is trespass and trover for 160 squares of
roofing slate. The defendant justifies as collector of taxes of
the town of Pawlet under tax-bills and warrants for the
years 1890 and 1891 respectively. The plaintiff claims that

his list for each of those years was void, for that he was not allowed his claimed deductions for debts owing.

As to his list for 1891, his claim is well founded, for he truthfully and properly answered all the interrogatories in his inventory of that year that were necessary to be answered in order to entitle him to such deduction. The listers refused to make such deduction because he had personal property in New York, where he was domiciled, which he did not put into his inventory, but which was taxed in New York. This property was not taxable here, for non-resident taxpayers and resident taxpayers stand alike in respect of such property—*Sprague* v. *Fletcher*, 69 Vt. 69 —and our statute exempts from taxation personal estate owned by inhabitants of this state, situate and taxed in another state. V. S. 362, subdivision IV.

But as to his list for 1890, his claim is not well founded, for he did not answer any of the interrogatories in his inventory of that year necessary to be answered in order to entitle him to such deduction; so his list for that year is valid.

But he claims that the tax-bill of that year is invalid, for that the taxes therein assessed are blended, and not kept separate and placed in different columns. Conceding without deciding that the tax-bill should show to the taxpayer the nature and amount of each tax that is assessed against him, that he may pay or tender the amount of such as he considers legal and refuse to pay such as he considers illegal, yet it is a rule of law as well as of logic 'that that is sufficiently certain that can be made certain, and in this case the nature and amount of the plaintiff's taxes can be made certain from the tax-bill itself. The selectmen are authorized to include all taxes in one tax-bill, and it is their duty to certify on each tax-bill made out by them what taxes are included therein and the rate per cent. of each tax so included. V. S. 3017. The tax-bill in question gives the amount of the plaintiff's list, and the selectmen certified

thereon that it includes a town tax of 30 per cent. and a highway tax of 15 per cent. voted by the town on the grand list of 1890, making in all a tax of 45 per cent. From this data the plaintiff could readily acquire all the information that the rate-bill would have given him had the taxes not been blended. This objection, therefore, is not well founded.

The warrant annexed to this tax-bill is in the statutory form, and therfore sufficient.

The defendant collected $12.88 interest on this tax, which he had no right to do, for the tax did not draw interest. *Shaw* v. *Peckett*, 26 Vt. 482. But he did not thereby become a trespasser to any extent, as he did not proceed to sell for that purpose after having sold enough to pay the tax and the costs, but sold *en masse*, and the plaintiff bid it off at only $19.08 more than enough to pay the tax without interest and the costs. The statute provides that if a tax, with costs and charges, is not paid within four days after distress is made, the collector may sell the property at public auction after posting notice thereof, and after deducting the tax and his charges, shall, on demand, return the balance realized from the sale to the person whose property was distrained, with an account of the tax and his charges. But the statute does not prescribe the manner in which the collector shall set up the property to be bid upon. From the necessity of the case, much must be left to his discretion in this respect. He is bound to act in good faith, and with due regard to the rights of the parties in interest. It does not appear that the defendant in this case acted otherwise. He could not know in advance how much the slate would bring, and it may have been the best way to put it up in one lot instead of in parcels or enough by the square to bring the money required. *Bergin* v. *Hayward*, 102 Mass. 414, 426; *Perkins* v. *Spaulding*, 2 Mich. 157.

Nor did he become a trespasser by misapplying in payment of interest a part of the balance realized, as that was not a

wrongful act done to the property itself, but only to a portion of the fund realized therefrom. *Wilson* v. *Seavey*, 38 Vt. 221, 230.

The plaintiff, by his agent, bid off at one hundred and forty dollars the slate sold in the warrant annexed to the tax-bill for 1891; and that amount he is entitled to recover, to which we add interest by way of damages from March 5, 1892, the day of sale.

> *Judgment reversed and judgment for the plaintiff accordingly.*