## REUBEN B. GROUT·v. FRED JOHNSON.

### May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, WATSON and STAFFORD, JJ.

### Opinion filed August 5, 1901.

*Taxation—Mandatory provision as to appraisal—*A quadrennial appraisal not returned to the town clerk's office until two days after the time fixed by law is invalid.

*Taxation—Constitutional law—Retrospective legislation legalizing appraisals and lists—*The constitutional power of the legislature by special act to legalize an appraisal or a grand list is not limited to mere defects of form.

*Same—Retrospective legislation not interfering with vested rights and saving all rights—*A quadrennial appraisal invalid because not lodged in the town clerk's office within the time required by the general law, and a grand list into which such appraisal was carried, were rendered legal by a special act declaring them so, no rights having become vested under the general law, and ample time for appeals after the passage of the act being provided thereby.

TRESPASS. Plea, the general issue with notice of justification as tax collector of the town of Somerset. Upon an agreed statement of facts the Windham County Court, at its March Term, 1901, *Start,* J., presiding, rendered judgment for the defendant. The plaintiff excepted.

*Waterman & Martin* for the plaintiff.

*O. E. Butterfield* for the defendant.

TYLER, J. Trespass for taking certain personal property which was distrained and sold by the defendant, as collector of taxes of the town of Somerset, to enforce the collection of certain taxes assessed against the plaintiff in that town in the year 1899, the legality of which assessment he denied. The agreed statement of facts presents two questions: 1st, in respect to the validity of the quadrennial appraisal of 1898, and

2nd, as to the legality of the grand list of the year 1899 into which that appraisal was carried.

I.   V. S. 387, required that quadrennial appraisals should be returned to the town clerk's office on the first Tuesday in July, which, in the year 1898, was the 5th day of the month, whereas it was returned on July 7th.   It was returned in time so that an appeal might have been taken, but this fact alone does not render the list valid.   The statute gives no latitude to the listers in respect to the time when they shall return the quadrennial appraisal.   No discretion is given them to use any part of the three days allowed taxpayers in which to appeal, and it is not a sufficient answer for the defendant that the taxpayers had ample time to take appeals after the list was returned.   The statute gave them the three days to inspect and decide whether or not to take appeals.   According to the reasoning of the court in *Bellows* v. *Weeks,* 41 Vt. 590, in respect to the authority of the listers over the grand list of a town after they have deposited it with the town clerk, the authority and control of the listers of Somerset over this quadrennial appraisal terminated with the 5th day of July, 1898, and after that they had no legal right to return it.   *Willard* v. *Pike,* 59 Vt. 202, and cases cited in opinion.

It was held in *Smith* v. *Hard,* 59 Vt. 13, that the statute which requires the listers to arrange in alphabetical order the personal lists of taxpayers and lodge the same in the town clerk's office on or before April 25th for the inspection of taxpayers was mandatory and not a directory statute; and certainly no reason could be given for holding V. S. 387, merely directory.   *Ayers* v. *Moulton,* 51 Vt. 115.   In *Meacham* v. *Newport,* 70 Vt. 264, the decision did not turn upon the mere fact that the list was returned too late for the plaintiff to take an appeal, though the fact appeared in the case.   The quadrennial appraisal was held invalid by reason of the listers' non-

compliance with the statute. It was held invalid upon two grounds: 1st, that it was not sworn to before a proper officer, and 2nd, that it was not seasonably completed and returned to the town clerk's office. For the same reason this quadrennial list must be held invalid.

II. The legislature, at the session of 1898, passed an act declaring the quadrennial appraisal in question legal and valid, and that the failure of the listers to lodge it in the town clerk's office within the time prescribed by law should in no manner affect its validity or legality or that of the grand list arising from it. The act also gave persons aggrieved by the appraisal twenty days from the passage of the act in which to take appeals; therefore the second question is whether this act was within the scope of legislative authority.

A holding that it was beyond the power of the legislature to validate the appraisal and make the grand list of 1899 a legal basis for taxation would release the plaintiff from the constitutional duty to contribute his proportion toward supporting the laws, and the grand list for that year would be void; therefore the validating act should be upheld unless it is unconstitutional or it deprives the plaintiff of a legal right.

The power of the legislature in this respect is not limited to mere defects of form in the quadrennial appraisal, in the grand list, nor in the tax bill. Judge Cooley gives quite a long list of legislative acts declaring certain tax rolls valid and effectual notwithstanding substantial irregularities and imperfections, which acts he seems to approve as within legislative authority. Cons. Lim. 470.

In *Thames Manfg. Co.* v. *Lathrop,* 7 Conn. 550, cited by Judge Cooley in the notes on the page cited, the assessors lodged an abstract of the assessment lists in the town clerk's office on the 20th day of December, when the law required it to be filed on the 1st day of that month. The legislature passed

a general validating act applying to any town where it had been omitted to lodge such abstract on the day prescribed by law, and provided that all taxes which had been or should be thereafter laid on such assessment lists might be levied and collected. It was held that although such act might have effect to authorize the levy and collection of taxes previously laid, which had not at the time of its enactment been levied and collected, it could not be extended to affect a suit previously brought and then pending against the selectmen of the town for the taking of property under a warrant laid by them on such defective assessments; that each related exclusively to taxes not levied or collected when the act was passed.

Judge Cooley says, p. 455, that there is no doubt of the right of the legislature to pass statutes which reach back to and change or modify the effect of prior transactions, provided retrospective laws are not forbidden by the state constitution, and no other objection exists to them than their retrospective character. He lays down this rule on p. 457:

"If the thing wanting or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by a subsequent statute."

The question now under consideration was practically decided in *Bellows* v. *Weeks*, 41 Vt. 590, where the listers had made alterations in the list after having returned it to a town clerk's office on the 15th day of May as required by law. In that case the question was whether the legislature exceeded its constitutional power and interfered with and disturbed vested rights of the plaintiff and other inhabitants of the town. It was held that the plaintiff had a right to insist that a tax should not be assessed against him except on a legal grand list of the town, but what should or should not be a legal grand list was

a matter always within the control of the legislature; * * * "that if the listers, by any unauthorized acts, should render the list invalid, the legislature may, by an act for that purpose, declare such list to be legal and valid, and that such act would not be an infringement of any provision of the constitution."

In *Smith* v. *Hard, supra,* it was held that the legislature had power to pass a retrospective act legalizing a grand list that was irregular or invalid because the listers had taken but had not subscribed the preliminary oath required by the statute. In this well considered case it was held that the legislature might pass retrospective laws unless prohibited in terms by the constitution, or unless they were violative of vested rights affecting substantial equities; that this doctrine is everywhere extended to irregularities in the assessment of property for purposes of taxation and the levy of taxes thereon.

In *Tunbridge* v. *Smith,* 48 Vt. 648, relied upon by the defendant, it was only held that a grand list not sworn to by the listers was invalid as a basis of taxation, and that the legalization of the list by the legislature would not validate taxes previously assessed thereon. This case fully recognizes the power of the legislature to validate such imperfect lists, and in *Smith* v. *Hard* it was held to be inadvertently said in *Tunbridge* v. *Smith* that the healing statute would not cure the invalidity of taxes assessed upon a defective grand list before it was legalized; that it *would* validate such taxes.

It is the prerogative of the legislature to establish a system of taxation and to direct towns in respect to the manner of making grand lists as the basis of taxation. The making of the quadrennial appraisal and lodging it in the town clerk's office is wholly a matter of legislative requirement. As the legislature could by the general law, V. S. 587, require the quadrennial appraisal to be deposited on a certain day, it clearly had power to change that date, as to the town of Somerset, by

the Act of 1898, unless some right of the taxpayers of that town had become vested under the general law, and it is apparent that no rights had become vested, for appeals were provided for by the special Act. Every right was saved to the plaintiff and there was nothing of which he could complain.

The view taken of the validating Act of 1898 renders it unnecessary to consider the effect of Act No. 17 of that year.

*Judgment affirmed.*