FREDERICK GODFREY, COLLECTOR, v. BENNINGTON WATER Co., and TR.

May Term, 1903.

Present: TYLER, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 1, 1903.

*Taxation—Exemption—Public Use—Water Company—Abstract of individual lists—Due process of law—Curative statute.*

The property of a private corporation, used for the purpose of supplying the inhabitants of a municipality with water for domestic and other purposes, is not exempt from taxation under V. S. 362.

The abstract of individual lists required by V. S. 427, must include the real estate of the tax payers, and the failure of the listers to file the same as therein provided invalidates the whole grand list.

Such failure deprives the tax payer of his constitutional right to be heard, and the grand list cannot be made valid by a curative statute.

ASSUMPSIT FOR TAXES. Plea, the general issue. Heard on the report of a referee, at the December Term, 1902, Bennington County, *Munson*, J., presiding. Judgment for the defendant. The plaintiff excepted.

*Barber & Darling* for the plaintiff.

The failure of the listers to file the abstract only invalidates the grand list so far as the personal property is concerned. *Smith* v. *Hard*, 59 Vt. 13; *Bartlett* v. *Wilson*, Id. 23.

The statute does not require the real estate to be included in the abstract, and the property here assessed is real estate. *Willard* v. *Pike*, 59 Vt. 202; *Tyler* v. *Moore*, 63 Vt. 60; *Stiles* v. *Newport*, 76 Vt.

The property was not used for public purposes.   *Stiles* v. *Newport, supra,* and cases cited.

The defects in the grand list were cured by the legalizing act.   *Smith* v. *Hard, supra.*

*Batchelder & Bates* for the defendant.

The context and course of legislation show that it was intended that the abstract should include real estate.   The abstract affords the means of knowledge to the taxpayer and forms the basis of the taxpayer's right to be heard.   *Stewart* v. *Palmer,* 74 N. Y. 183; *People* v. *Mayor,* 4 N. Y. 419; *Baltimore* v. *Harris,* 26 Md. 194; *Waterman* v. *Davis,* 66 Vt. 754.

The provision for the abstract is made for the taxpayer's protection, and is mandatory.   *Smith* v. *Hard,* 59 Vt. 21; *Witham* v. *Butterfield,* 6 Cush. 221; *Cahoon* v. *Coe,* 57 N. H. 556; *Woodhouse* v. *Burlington,* 47 Vt. 300.

The curative statute did not reach this defect in the grand list.   Cooley Const. Lim. 370; Cooley Tax., 302, 304; *Land Co.* v. *Soper,* 39 Ia. 112; *Railroad Co.* v. *Commissioners,* 84 N. C. 504; *Marsh* v. *Chestnut,* 14 Ill. 223; *In re Church,* 66 N. Y. 395; *People* v. *Brooklyn,* 71 N. Y. 495; *Howes* v. *Bassett,* 56 Vt. 141.

The defendant's water system is exempt from taxation under the first clause of subdivision 7, section 362, of Vermont Statutes.   *Water Co.* v. *Winans,* 26 Am. St. 813; *Talbot* v. *Hudson,* 16 Gray, 417; *In re Association,* 66 N. Y. 567; *In re Company,* 108 N. Y. 375; *Smeaton* v. *Martin,* 57 Wis. 364; *Tyler* v. *Beecher,* 44 Vt. 648; Lewis Em. Dom., s. 158; *Stewart* v. *Supervisors,* 1 Am. Rep. 238; *Railroad Co.* v. *Burlington,* 28 Vt. 193; *Water Co.* v. *Forbes,* 62 Cal.; *Worcester* v. *Railroad Co.,* 4 Met. 564.

WATSON, J.   The defendant is a private corporation organized under the Laws of 1886, No. 172, and amendments thereto, "for the purpose of furnishing the inhabitants of the town and village of Bennington with water for domestic and other purposes." The property taxed consists of the defendant's water works, constructed under its charter, and used for the purpose named therein. The taxes here sought to be collected were assessed under the vote of the town in the years 1898 and 1899.

It is contended by the defendant that in granting it the right to construct a water system for the purposes stated in its charter, the Legislature created in the defendant a public trust, and that the power therein delegated to it is a right granted to construct a system dedicated exclusively to a public use. By reason whereof the defendant contends that its plant is exempt from taxation under subdivision 7, section 362, of Vermont Statutes, which provides that "Real and personal estate granted, sequestered, or used for public, pious, or charitable uses" shall be exempt from taxation.

Upon this question, our attention has been called to many decisions of Courts in other jurisdictions; but we have given them no consideration for the reason that practically the same question has recently been before this Court in *Stiles* v. *Village of Newport,* where it received full and careful consideration. There the village of Newport was authorized to provide a supply of water for fire, domestic, and other purposes, and to sell and furnish water for domestic and other purposes, to persons or corporations within or without the municipal limits. A part of its water system, including reservoir and aqueduct, was in the town of Derby. The village used its water for municipal purposes and to supply its inhabitants for domestic use; it supplied the village of West Derby, a manufacturing establishment

there located, and two properties in that town outside the village limits, with water for protection against fire, and the inhabitants with water for domestic purposes.   For all the water thus supplied the village of Newport received a compensation.

That part of the system located in Derby was set in the grand list of that town, and the suit was brought to collect the tax assessed thereon.   It was contended, as in the case at bar, that it was property used for public purposes, and therefore exempt from taxation under V. S. 362, subdivision 7, above quoted.   It was held that the furnishing of water by a municipality to its inhabitants for domestic purposes, as well as the furnishing of it for protection against fire and for sanitary purposes, within its own territorial limits, was a public use within the meaning of the law.   But that, when water was supplied for such purposes outside the municipal limits, the same rules of law did not apply, because the duty of a municipality regarding the maintainance of mains and hydrants, and the municipal relation entering into the question of domestic supply are confined to its own territorial limits.   It was further held that as the village of Newport had no interest in the village of West Derby and owed no municipal duty to its inhabitants, the sale of water there, even for such purposes, was solely for revenue, and that the sale was not a public use within the meaning of the law; and that its property, to the extent that it was so put to private use in Derby, was there taxable.

Under this holding, a municipality when outside its own limits furnishing water to another municipality and its inhabitants for revenue becomes as an individual or a private corporation carrying on the business in the same way, and therein it is governed by the same rules of law.   The law there laid down is decisive of the case before us that the furnishing of water by the defendant under the provisions of its charter does

23

not constitute a public use, and that its property is therefore not exempt from taxation.

It is found that in neither of the years in which the taxes in question were assessed did the listers lodge in the town clerk's office an abstract of the "individual list" of all the taxpayers of the town, as required by V. S. 427. The plaintiff contends, (1) that only the personal estate is required to be included in such abstract, and hence the omission to lodge the abstract in the town clerk's office does not affect the grand list as to real estate; and (2) that, if real estate is to be included, the defect in the year of 1898 was validated by the curative act of that year, Laws of 1898, No. 283.

That the property taxed is real estate, no question is made. But the defendant contends that the abstract of the individual lists must contain the real estate as well as the personal property of the taxpayers to be a compliance with the law.

By the Laws of 1880, No. 78, Sec. 15, the listers were required to arrange in alphabetical order, and lodge in the town clerk's office on or before the twenty-fifth day of April of each year the "personal lists" of all taxpayers for their inspection. That act in this respect was said in *Bartlett* v. *Wilson*, 59 Vt. 23, 8 Atl. 321, to have reference to the personal estate.

By the Act of 1882, No. 2, Sec. 20, the law was so changed as to require an abstract of the "individual list" of the taxpayers thus to be lodged in the town clerk's office instead of the "personal lists" as before. This act was amended by Laws of 1890, No. 13, by adding thereto that the listers of a town of less than two thousand inhabitants may make up such abstract by entering in the blank books furnished by the State for the grand lists of such town, for that year, under the proper headings, the polls, the real estate, and the ap-

praisals of the same, and the appraisal of the personal estate, as required by law to be set in the list. And that after the first Tuesday in May, when all questions of persons aggrieved have been heard and determined, the listers shall complete said book as the grand list of the town. The Act of 1882, thus amended, became Section 427 of Vermont Statutes.

If it could be said that any doubt existed whether the law of 1882 required real estate to be included in such abstract, certainly the Act of 1890 shows clearly that the intent of the Legislature was to include it. Furthermore, the purpose of the law could not be subserved without including it. It is true that a general appraisal of real estate is made only once in four years, yet, if additional buildings have been erected, or extensive repairs made, the listers shall make such addition to the general appraisal of such real estate as they deem just; and in like manner, they shall make deductions for large depreciations in value by reason of fire, flood, or other accident, or by cutting or removing timber therefrom; and if there has been any great change in the value of quarries where stone is quarried, they shall change the appraisal thereof accordingly. Laws of 1896, No. 13. Also, if any taxable real estate was omitted from the last quadrennial appraisal, the listers shall appraise the same, and set it in the list. V. S. 419. And if there has been a change of ownership, the real estate must be set to the last owner on the first day of April.

With such duties devolving on the listers every year, the importance of the provision requiring the abstract to include both the real and personal property is apparent. When taxes are levied on property according to its value, to be fixed by the listers, in estimating the value the listers act judicially, and the taxpayers must have an opportunity to be heard. When the abstract of the individual lists is lodged in the town clerk's

office for the inspection of the taxpayers, as required, it is legal notice to them of the determination of the listers respecting the list of every individual taxpayer in town, and any person feeling himself aggrieved thereby, and desiring to be heard by them, may have such hearing under the provisions of V. S. 428. A person may appeal from the decision of the listers, and be heard by the board of civil authority. V. S. 429. When these different provisions of the statutes are complied with, a taxpayer is not deprived of his property without due process of law. *Davidson* v. *New Orleans,* 96 U. S. 97, 24 L. ed. 616; *Hagar* v. *Reclamation District,* 111 U. S. 701, 28 L. ed. 569.

In the case at bar, since there was no abstract of the individual lists lodged in the town clerk's office, the defendant was given no opportunity to be heard, and to hold the taxes assessed against him valid would be taking property without due process of law. Cooley Tax'n., 264-268; *Bartlett* v. *Wilson,* 59 Vt. 23; *Heth* v. *Radford,* 96 Va. 272, 31 S. E. 8.

The right of an opportunity to be heard being constitutional, the Legislature could not, in the first instance, nor by a curative statute deprive a taxpayer of it. *Bartlett* v. *Wilson; Grout* v. *Johnson,* 73 Vt. 268, 50 Atl. 1059.

*Judgment affirmed.*