K. H. HOWARD v. TOWN OF ROXBURY.

October Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed November 5, 1910.

*Taxation—P. S. 565—Grand List Filed as Abstract of Individual Lists—Necessity of Verification by Listers—Recovery of Taxes Paid Under Protest.*

No. 13, Acts 1890, now a part of P. S. 565, providing that, in a town of fewer than two thousand inhabitants, the listers may make the required abstract of individual lists of taxpayers by entering the same in the book furnished for the grand list of such town, only grants a privilege that the listers may accept or reject, but, if accepted, the abstract so made up and filed, must contain all the essentials of an ordinary legal abstract, including a proper verification by the listers, or it is fatally defective, and taxes assessed thereon, and paid under protest, may be recovered from the town by the taxpayer in an action of assumpsit.

GENERAL ASSUMPSIT to recover taxes paid under protest. Plea, the general issue. Trial by court on an agreed statement of the facts, at the June Term, 1910, Orange County, *Stanton*, J., presiding. Judgment *pro forma*, for the plaintiff. The defendant excepted.

*R. M. Harvey* for the defendant.

*March M. Wilson* for the plaintiff.

The necessity of a proper verification by the listers of the abstract of individual lists of taxpayers when that is made up under the option given by P. S. 565 is the same as when made in the ordinary form. This is so from the very nature of such abstract. *Smith* v. *Hard*, 59 Vt. 13; 61 Vt. 469; *Bartlett* v. *Wilson*, 59 Vt. 202; *Bundy et als* v. *Wolcott*, 59 Vt. 665; *Taylor* v. *Moore*, 63 Vt. 73.

POWERS, J. That the abstract of the individual lists called for by the statute as it stood prior to the passage of No. 13, Acts of 1890, required a proper verification by the listers, and that such verification was essential to its validity, was established by repeated decisions of this Court. *Smith* v. *Hard,* 59 Vt. 13, 8 Atl. 317; *Bartlett* v. *Wilson,* 59 Vt. 23, 8 Atl. 321; *Bundy* v. *Wolcott,* 49 Vt. 66, 10 Atl. 756; *Smith* v. *Hard,* 61 Vt. 469, 17 Atl. 481. This resulted, not from an express requirement of the statute, but from the nature and purpose of the document. The act of 1890, above referred to, provided that, in towns of less than two thousand inhabitants, the listers might make up the abstract in the book furnished by the secretary of state for the grand list of the town. This they could do before. It was held in *Taylor* v. *Wood,* 63 Vt. 60, 21 Atl. 919, a case which was pending when the act of 1890 was passed, that the grand list itself might be filed as the abstract. It is apparent from the reasoning of the Court in that case, that when so filed the grand list must contain all the essentials of a legal abstract,—including a proper verification by the listers. So since the passage of the act of 1890, if the listers avail themselves of the privilege therein granted, they must prepare a document legally sufficient as an abstract. Both the character and purpose of it remain the same. Though it be the document which subsequently becomes the grand list, when filed as aforesaid it serves the purpose of the statutory abstract; indeed, it *is* the statutory abstract, and its validity must be tested by the rules applicable thereto.

As suggested above, the act of 1890 only grants a privilege; the listers may accept or reject it at their pleasure; so the book itself, though lodged by the listers in the town clerk's office, affords no sufficient evidence of its authenticity. It would still require a verification to show its character as the official abstract.

The listers of the defendant town—a town of less than two thousand inhabitants— attempted to avail themselves of the provisions of the act of 1890, and seasonably lodged in the town clerk's office an abstract made up in the book furnished for the grand list. It was sufficient in all other respects, but it lacked

a verification by the listers.    This defect was fatal to its validity,
and the taxes herein sued for are recoverable in this action.

*Affirmed.*

HASELTON,  J.,  dissents.