TOWN OF WILLIAMSTOWN *v.* WILLIAMSTOWN COMPANY, INC.

October Term, 1928.

Present: POWERS, SLACK, MOULTON, and CHASE, JJ., and WILLCOX, Supr. J.

Opinion filed January 8, 1929.

420

*C. O. Granai* and *J. W. Gordon* for the plaintiff.

*Elwin L. Scott* and *Stanley C. Wilson* for the defendant.

SLACK, J.   This action is brought under G. L. 917 to recover taxes for the years 1920 to 1926, inclusive.   Trial was by court.   At the close of plaintiff's evidence the court, on motion of defendant, struck from plaintiff's specification all items for taxes, and following the filing of its findings entered judgment for the defendant, to all of which plaintiff excepted.

We first consider whether the unchallenged findings support the judgment, since if they do many of the exceptions are unimportant to a disposition of the case.   We attach no importance to the action of the court respecting the specification, since neither the findings nor judgment appear to have been influenced thereby.

It appears from findings not excepted to that the plaintiff voted each of the years in question to collect its taxes by its treasurer; that the selectmen made out a rate bill, or tax bill, to use the language of the statute, each year, and delivered it to the treasurer for the collection of the taxes therein; that the only tax standing against the defendant in the tax bill for 1920 was $44.00, which was paid; that the tax bills for the four following years contained no item of any tax "laid or assessed against the defendant"; that no evidence was introduced to show that in any of the years in question the treasurer either posted notices notifying the taxpayers of the taxes he had in his hands for collection and the place where and time when the same should be paid, or gave the defendant notice of any tax in his hands for collection against it, and the place where, and time within which, the same should be paid.

The effect of these findings upon plaintiff's right to recover, namely, its failure to produce a tax bill showing a tax against the defendant for the years 1920 to 1924, inclusive; and its failure to show that its treasurer gave the taxpayers the notices required by statute are treated in inverse order.

The plaintiff insists that, since the town elected to proceed against the defendant in this manner rather than by warrant, the notices by the treasurer required by G. L. 890 were unnecessary, and that no demand for the tax was required.   In other

words, that since the town adopted this method of procedure it might hale the defendant into court as a delinquent the moment a tax was voted, and the value of his taxable property was ascertained, irrespective of a tax bill, and without notice of the tax or demand for its payment, even though the town had voted to collect its taxes by its treasurer.

■ ■ It is not apparent why a taxpayer against whom a town elects to proceed by warrant should be entitled to the notice provided by G. L. 890, if the town votes to collect its taxes by its treasurer, or to the notice provided by G. L. 881, if the town does not so vote, and another against whom the town elects to proceed by the method here invoked should be entitled to no notice whatever. The necessity for notice when collection is by warrant is not questioned, nor can it be. *Brush* v. *Watson*, 81 Vt. 43, 69 Atl. 141; *Brock* v. *Bruce*, 58 Vt. 261, 2 Atl. 598. That it is equally essential when collection is by a suit at law is established by *Smith* v. *Stannard & Trs.*, 81 Vt. 319, 70 Atl. 568, which action was brought under a statute similar to the present one so far as the necessity for notice is concerned. A careful examination of G. L. 918 shows that it deals solely with questions respecting the validity of the tax—the method of presenting issues touching its validity, the burden of proof, etc. Nowhere does the statute in express terms, or by necessary implication, attempt to change the existing requirements respecting notice to the taxpayer. Moreover, all of our laws relating to the enforced collection of taxes are aimed at ''delinquent'' taxpayers and ''delinquent'' taxes. G. L. 919, which is part of the statute upon which this suit is predicated, provides: ''Whenever the treasurer, collector of taxes or other proper officer has a delinquent tax in his hands for collection he may notify the agent,'' etc. It was the delinquent tax which the Legislature here, as in other sections of the statute, had in mind. ''Delinquent,'' according to Webster's New Int. Dict., means ''Failure or delay; offending by neglect or violation of duty.'' A tax cannot be said to be delinquent within the meaning of the statute until the party liable therefor fails to pay same after receiving the required notice. We hold that the notice required by G. L. 881, or by G. L. 890, as the case may be, is necessary whether collection is by warrant or by action under the statute.

■ It is found that the taxes for 1925 and 1926 appear in the tax bills delivered to the treasurer in those years; that

they were not paid to him; that together with other delinquent taxes they were turned over by him at the expiration of the time fixed by G. L. 890 to the collector of taxes; that the collector demanded payment of the same from defendant, but made no further effort to collect them. Whether his demand was met by such a refusal to pay as would obviate the necessity for notice as in *Brock* v. *Bruce supra; Wheelock* v. *Archer*, 26 Vt. 380; and *Downer* v. *Woodbury*, 19 Vt. 329; does not appear. Since the plaintiff failed to prove the required notice, it was incumbent on it to show circumstances that made it unnecessary, if it could. Because of its failure in both respects it cannot maintain this suit.

It is not necessary to notice the remaining exceptions; but since some of them raise new and important questions, and are fully briefed by both parties, we deem it advisable to consider them.

The plaintiff insists that it was not necessary for it to prove the existence of a tax bill in order to make out a case; that if it showed an assessment of defendant by the proper officials, and the rate of tax can be determined by the vote of the town or "statutory imposition," it is entitled to recover. If notice to the taxpayer of the tax standing against him is essential before proceedings are commenced to enforce payment thereof, either under a warrant or by a suit of this nature, as we hold it is, it is not apparent how the tax bill can be dispensed with since the only provision for notice is by the collector or treasurer, and neither has authority to give such notice until the tax bill is placed in his hands for collection.

We are not unmindful of the fact that the tax bill is made up largely from known data collected from various sources, data from which it would be possible for the court to determine the tax against each individual taxpayer, but the Legislature has seen fit to make the selectmen responsible for this determination in the first instance, and to make it a prerequisite to any proceeding for the collection of the tax. The statute provides by whom and when it shall be made (G. L. 871, 3970), what it shall contain (G. L. 3970), to whom it shall be delivered (G. L. 881, 889) and the subsequent acts thereunder (G. L. 881, *et seq.*, 890 *et seq.*). These provisions, in substance, have been part of our scheme of taxation for more than a century. While the necessity for a tax bill has never been squarely before this

Court, so far as we are aware, its necessity appears to have been assumed whenever any question involving its existence has been raised. *Spear* v. *Ditty,* 8 Vt. 419; *Wilmot* v. *Lathrop,* 67 Vt. 671, 32 Atl. 861; *Hughes* v. *Kelley,* 69 Vt. 443, 38 Atl. 91; *Buchanan* v. *Cook,* 70 Vt. 168, 40 Atl. 102; *Smith* v. *Stannard,* 81 Vt. 319, 70 Atl. 568; *City of Montpelier* v. *Central Vt. Railway Co.,* 89 Vt. 36, 93 Atl. 1047. It should be noted that the last case cited was brought under the present statute, and that *Buchanan* v. *Cook* and *Smith* v. *Stannard* were brought under a statute not unlike the present one so far as the importance of the tax bill is concerned. In *Buchanan* v. *Cook,* the defendant excepted to the admission in evidence of the list of delinquent taxpayers with the treasurer's warrant for the collection of the taxes thereto attached, on the ground that it did not show an assessment of the taxes by the proper authority. Respecting this claim, the late Chief Justice Rowell, after stating the duties of the treasurer, said: "But the statute did not require that the warrant nor the list therewith committed should show that the taxes were assessed by proper authority. The original tax bill from which these taxes were taken was the proper document to show whatever was necessary in that regard." Neither the validity of, nor necessity for, a tax bill was raised in *Smith* v. *Stannard,* but it was treated as essential to the notice required by the treasurer. "On the receipt of the tax bill," says the Court, "it was the duty of the treasurer by statute to post notices in at least three public places," etc. "A compliance with the provisions of the statute in these respects was prerequisite to the treasurer's authority to issue his warrant against the defendant, as a delinquent taxpayer, and proof thereof is essential to plaintiff's right to recover." In *City of Montpelier* v. *Central Vt. Railway Co.,* a tax bill, regular on its face, was introduced under objection and exception. What the objections were does not appear, since they were not specified in the notice of defense and therefore were not considered; but the tax bill was treated by court and by counsel, by implication at least, as an essential part of plaintiff's case.

██ ██ The Legislature that enacted the statute under which this suit is brought is presumed to have known the then statutory provisions relating to a tax bill and the attitude of this Court respecting it, and to have acted in the light of such knowledge. Had it intended to dispense with proof of it as

part of a plaintiff's case it could have easily said so. On the contrary, it left to the taxpayer as a defense, if properly raised by way of answer or notice, every objection that might be interposed to the validity of a tax if collection was by warrant. There is no escape from the conclusion that a tax bill is essential to a recovery in actions of this kind; and want of it may be taken advantage of under the general issue. The situation is unlike that in *City of Montpelier* v. *Central Vt. Railway Co., supra.* There the plaintiff made out a *prima facie* case by introducing a tax bill regular on its face, and it was held that its validity could be challenged only on grounds specifically pointed out in the answer, while here the plaintiff being unable to produce a tax bill and consequently unable to make out a *prima facie* case, no answer was necessary.

■■ Respecting the abstract of individual lists for 1925 the findings state, "The certificate of the Town Clerk shows that said abstract was lodged in his office May 6, 1925." The population of Williamstown at that time was approximately 1,500, consequently the abstract should have been lodged in the town clerk's office not later than May 5, G. L. 784, and 817, as amended by No. 36, Laws of 1921. This requirement is analogous to that respecting the return of the quadrennial appraisal (G. L. 732), which we have held must be complied with or the document will be invalid. *Meacham* v. *Newport,* 70 Vt. 264, 40 Atl. 729; *Grout* v. *Johnson,* 73 Vt. 268, 50 Atl. 1059. That other requirements of G. L. 784 are mandatory, see *Smith* v. *Hard,* 59 Vt. 13, 8 Atl. 317; where the object of the abstract is discussed at length, *Howard* v. *Town of Roxbury,* 84 Vt. 43, 77 Atl. 949; *Godfrey* v. *Bennington Water Co.,* 75 Vt. 350, 55 Atl. 654; *Smith* v. *Hard,* 61 Vt. 469, 17 Atl. 481. The plaintiff now says that the statement in the findings of what the certificate of the town clerk shows respecting the lodging of the abstract does not amount to a finding that it was not lodged until May 6. This appears to be an after-thought, since the record fails to show that such statement has hitherto been treated by anyone other than as a finding to that effect. The plaintiff argues, too, that other findings respecting the performance of the listers' duties by them show that the abstract must have been seasonably returned. This claim was proper for the consideration of the lower court, but not for this Court, in view of what we deem to be a direct finding. It is also urged that this question is not

raised by the answer. We think otherwise. The answer alleges that the abstract was not lawfully made up "in that the same was not filed in the time required by law." To be sure the pleader used the word "filed" instead of "lodged," but we think that the answer sufficiently complies with the statute. For the reasons pointed out this abstract was invalid and likewise the tax assessed thereon.

■ The listers attached to the abstract for 1925 a notice that they would hear aggrieved taxpayers on May 6. They attached a like notice to the abstract for 1926. G. L. 784, subd. III, and 817 as amended by No. 36, Laws 1921, expressly provide that in towns of 1,000 and less than 2,000 inhabitants such hearing shall be held on the 11th day of May. While the listers are to determine the place for such hearing they have no authority respecting its time, since that is definitely fixed by the Legislature. This is made doubly certain by G. L. 785, which provides: "On the first day of May (here the 11th), the listers shall meet at the place designated by them, and shall, on that day and from day to day thereafter, hear persons aggrieved," etc. They are not to meet *at the time* and place designated by them; but at the *place* designated by them, at the *time* fixed by statute. Thus the Legislature has given the taxpayer a definite length of time after the abstract is lodged in the clerk's office in which to examine it and determine what action he desires to take, if any, and it is not in the power of the listers or anyone else, except the Legislature, to abridge such right. The finding that the required notices were duly posted by the listers in five public places does not change the effect of the defective notice attached to the abstract. The taxpayer had the same right to rely on that notice as on the others. It was clearly defective, and for that reason the taxes for those two years are invalid.

It is doubtful if defendant's answer is sufficient to save this question, but since the disposition of the case is not affected by so doing, we have considered it.

Since the plaintiff is cast on the unchallenged findings, other questions raised by the exceptions are not considered.

*Judgment affirmed.*