## J. F. WRIGHT v. TAPLIN & ROWELL.

ORLEANS COUNTY, 1893.

Before : Ross, Ch. J., Rowell and Start, JJ.

*Chattel mortgage. Town clerk may administer oath.*

Under R. L. s. 2,689, a town clerk may administer the oath in case of a chattel mortgage which is to be recorded in his office.

Assumpsit. Plea, the general issue. Trial by jury at the September term, 1892, Thompson, J., presiding. Verdict and judgment for the plaintiff. The defendants except.

The plaintiff offered in support of his case a chattel mortgage from one Miles to Cad P. Bridgman, which was sworn to before the town clerk of the town of Hardwick. At the time of the execution of the mortgage Miles resided in Hardwick and the mortgage was recorded in the town clerk's office in that town. The defendant objected to the mortgage, that the town clerk had no authority to administer the oath, and excepted to its admission.

*E. A. Cook* for the defendants.

*Dickerman & Young* for the plaintiff.

ROWELL, J. Town clerks may administer oaths when the instrument to be sworn to is " returnable " to their office. R. L. 2,689. This means when the instrument must be deposited in their office or filed and recorded there, either to make it good at all or good as to third persons or against the world. The word *returnable*, as here used, must have

that meaning in order to give the statute practical effect ; for there are no instruments returnable to the town clerk's office in the strict sense in which writs and other process are returnable to the court or other authority issuing them.

Chattel mortgages, in order to be good against the world, must be recorded in the proper town clerk's office, unless possession of the property is delivered to the mortgagee. Hence, they may be sworn to before the proper town clerk.

*Judgment affirmed.*