C. W. POTTER, Collector, *v.* H. E. LEWIS, et al.

October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed November 19, 1901.

*Taxation—Duty and authority of listers in appraising real estate, omitted from the last quadrennial appraisal—V. S. 419 construed—* Under V. S. 419, the listers of a town may appraise and place in the grand list real estate which was not included in the last quadrennial appraisal for the reason that at the time of such appraisal it was not within the limits of the town, having since been annexed thereto. In the construction of V. S. 419, the acts on which·that section was based and the purpose and methods of the revisers in respect to condensation are considered.

*Town clerk may administer to listers their preliminary oath—V. S. 3012*
    *—V. S. 438*—Listers may take their preliminary oath before the
    town clerk, the oath being returnable to the town clerk's office
    within the meaning of V. S. 438.

*Quadrennial appraisal must be sworn to before a justice—R. L. 296, now*
    *V. S. 391*—If the certificate, attached to the quadrennial appraisal
    when returned to the town clerk's office, is sworn to before the town
    clerk and not before a justice, it is invalid, as is also a grand list
    based thereon.

*An addition to an invalid list is not a legal basis of taxation*—It avails
    nothing to add an omitted piece of real estate to an invalid list.
    One piece of property cannot be subjected to taxation by being
    brought into a list which is invalid as to all other property.

THIS WAS an action under V. S. 506, brought by the plaintiff as collector of taxes for the town of Belvidere against H. E. Lewis and H. G. Morton, to collect a tax by trustee process. Upon an agreed statement of facts the court, Lamoille County, October Term, 1900, *Taft*, C. J., presiding, rendered a *pro forma* judgment for the plaintiff. The defendant excepted.

The certificate attached to the quadrennial appraisal of the real estate of said town for 1894 was sworn to by the listers before the town clerk of said town, and not before a justice. Of the three listers of said town for 1897, two only took the preliminary oath required by V. S. 438, and this oath they took before the town clerk. The tax sought to be collected was assessed upon the list of 1897.

*Brigham & Start* for the plaintiff.

*F. W. McGettrick* for the defendants.

MUNSON, J. By No. 125, Acts of 1896, a part of Avery's Gore containing land of the defendants was annexed to the town of Belvidere. No authority was conferred upon the listers of Belvidere by the terms of the act. In making up the list of 1897, the listers appraised and included the defendants' land. This is claimed to have been authorized by V. S. 419,

which reads as follows: "If any real estate taxable to such person was omitted from the last quadrennial appraisal, the listers shall appraise the same at its value in money, subject to the rules directing the quadrennial appraisal of real estate."

The right to list real estate omitted from the regular appraisal was first conferred by sec. 4, No. 8, Acts of 1844, in these words: "When the listers of any town shall, at the regular appraisal of real estate, by accident or otherwise, neglect to appraise any real estate, the listers of such town for the succeeding year shall appraise the real estate so omitted, and set the same to the owner in the list of such town." This statute was re-enacted in sec. 23, No. 43, Acts of 1855, with the word "mistake" inserted after "accident." The provision as thus amended was carried into the revision of 1863 without change. G. S. Ch. 83, sec. 24.

By No. 5, Acts of 1874, it was enacted as follows: "Whenever from any cause there shall be occasion for the appraisal of real estate, not included in the next preceding quadrennial appraisal of real estate, it shall be the duty of the listers to appraise such real estate and set the same in the grand list of the town in which such real estate is situated, according to the provisions of law relating to the grand list." This act was repealed by the Revised Laws of 1880, and was noted by the revisors on the margin of sec. 343, which section reads as follows: "Real estate taxable for any purpose, omitted from the preceding quadrennial appraisal by accident or from any cause, shall be appraised by the listers and set in the list to the person to whom it is taxable."

If the provision as it now stands in the Vermont Statutes were to be construed in the light of the acts of 1844 and 1855 alone, it might be difficult to hold that the listers could treat as real estate "omitted" from the quadrennial appraisal land

which was not within the limits of the town when the appraisal was made. But when it is seen that the act of 1874 is among those upon which the revision is based, and the purpose and methods of the revisers as regards condensation are considered, we have no hesitation in holding that the listers were authorized by this section to appraise and include the defendants' land. The act of 1874 provided for the listing of real estate which from any cause was not included in the next preceding quadrennial appraisal.

The claims regarding the invalidity of the quadrennial appraisal of 1894 and of the list of 1897 must be considered without reference to the legalizing act of 1898, for this suit was pending when the act was passed, and the act expressly provides that pending suits shall not be affected by it.

Two of the listers of 1897 took the preliminary oath before the town clerk. The town clerk could administer this oath, for the statute relating thereto does not require that it be taken before any other officer, and the town clerk is authorized generally to administer oaths when the instrument to be sworn to is returnable to his office. V. S. 3012. The oath is returnable to the town clerk's office within the meaning of the statute. V. S. 438; *Wright* v. *Taplin,* 65 Vt. 448.

It is not necessary to inquire what effect the failure of one lister to take the preliminary oath has upon the validity of a list; for the list in question, if otherwise sufficient, was vitiated by the invalidity of the quadrennial appraisal upon which it was based.

The law requires that the certificate attached to the quadrennial appraisal when returned to the town clerk shall be verified by an oath taken before a justice; R. L. 296; and the certificate to the quadrennial appraisal of 1894 having been sworn to before the town clerk, the appraisal was invalid,

and this rendered the grand list invalid. *Meacham* v. *Newport,* 70 Vt. 264.

It is true that the listers of 1897 were authorized to appraise, and did appraise, the real estate of the defendants; and it is said that an illegality in the preceding quadrennial valuation can have no bearing upon the validity of the defendants' list. But the right to add an omitted piece presumes the existence of a valid list to which the addition can be made. One piece of property cannot be subjected to taxation by being brought into a list which is invalid as to all other property.

*Judgment reversed and judgment for defendants.*