## S. A. HOWARD *v.* THE TOWN OF BURLINGTON.

*Exceptions. Execution. Practice. Attachment. County Court.*

A party excepting to the judgment of the county court, has thirty days from the final adjournment of the court in which to file his exceptions.

Under an order of the county court, made just previous to taking a recess, that .executions on judgments consummated might issue immediately, *held,* that where a judgment had then been rendered for the plaintiff and he had been allowed exceptions thereto, but no stay of execution had been granted, he might at any time thereafter, before thirty days after the final adjournment of the court, and before filing his exceptions, waive them by giving notice thereof to the clerk, and having the entry of exceptions erased; but *otherwise,* if at the time of allowing exceptions the court had ordered a stay of execution.

CASE against the town of Burlington for the neglect of its constable, Isaac Sherwood, to have certain personal property attached by him on a writ in favor of the plaintiff against one Hawley, forthcoming to respond the judgment on said writ, and the execution issued thereon. Trial by the court at the April Term, 1862, PIERPOINT, J., presiding, upon the following agreed statement of facts.

"At the September term, 1851, of the Chittenden County Court, a suit in favor of the plaintiff against Jacob C. Hawley, then a resident of Burlington, was commenced by service of the writ by Isaac Sherwood, then legal constable of the town of Burlington, who thereon on the 16th day of July, 1851, attached as the property of Hawley, certain personal property belonging to him, worth three hundred dollars, and duly returned the writ to the court and term aforesaid; and the cause was continued from term to term until the November term, 1856, when a trial was had therein, resulting in a judgment for the plaintiff for twenty-five dollars damages, and forty-two dollars and eighty-three cents cost.

" The plaintiff at this trial took exceptions to certain rulings of the court therein, which exceptions were allowed and an entry made upon the docket as follows : ' Exceptions by plaintiff—exceptions allowed and execution stayed.'

" After the rendition of such judgment and the aforesaid entry in the docket, the court, on Saturday the 29th November,

1856, adjourned its session for the completion of the business of the term to January 24th, 1857, having previously, on the day of such adjournment, made and caused to be entered on the docket an order in the following words :

" 'November 29, 1856. By order of court, executions on judgments consummated, may issue immediately. J. S. Adams, Clerk.'

" On the 24th of January, 1857, the court re-assembled, pursuant to such adjournment, and continued in session until the 27th of January, 1857, when it finally adjourned.

" The plaintiff did not file his exceptions in said cause within thirty days from the 29th of November, 1856, nor at any other time ; and on the 30th of December, 1856, the plaintiff's attorney in the cause informed the clerk that the plaintiff waived his exceptions therein, and requested the clerk to erase the entry of exceptions upon the docket, and to issue an execution upon the judgment, which the clerk accordingly did ; and execution was issued upon the judgment for the damages and costs above mentioned, with twenty-five cents fee for the execution, dated December 30th, 1856.

" This execution was on the 30th of December, 1856, delivered by the plaintiff, for collection, to Samuel Huntington, then constable at Burlington. Sherwood in 1855 became insolvent and removed with his family from this state, and has never since been in Vermont. Hawley had previously to 1855 become insolvent, and removed from the state, leaving no attachable property here.

" Huntington could not, when the execution was placed in his hands for collection, nor at any subsequent period, find Sherwood or Hawley, or the property attached on said writ, or any other property belonging to Hawley ; and on the 6th of January, 1857, Huntington returned the execution to the office of the clerk of the court, unsatisfied, with a *nulla bona* and a *non est* return thereon ; and the execution still remains unsatisfied ; and no attachable property of Hawley, nor Hawley himself, can be found in this state."

Upon these facts the county court rendered judgment for the defendant, to which the plaintiff excepted.

*Wm. G. Shaw*, for the plaintiff.

*Wales & Taft*, for the defendant.

KELLOGG, J.   The decision of this case depends on the answer to the question whether the plaintiff was entitled to an execution on his judgment against Hawley, on the 30th of December, 1856, when that execution was issued.   It is conceded that if that execution was irregular, or was prematurely issued, the personal property attached on the original process, was not duly charged in execution, and that no action can be maintained against the defendant for the neglect of its constable who made the attachment, to have the attached property forthcoming " to respond the judgment" on which the execution was issued. The plaintiff recovered his judgment against Hawley at the November term of the Chittenden County Court in 1856, and, on the trial which resulted in this judgment, he took exceptions to certain rulings of the court, and an entry was made on the county court docket as follows : " Exceptions by plaintiff,— exceptions allowed, and execution stayed."   After the judgment was rendered, and after this entry was made on the docket, the county court, on the 29th of November, 1856, adjourned its session, for the completion of the business of the term, to the 24th of January, 1857, having previously, on the day of adjournment, made an order which was entered on the docket allowing executions on judgments then " consummated" to issue immediately.   On the said 24th of January, 1.57, the court met pursuant to adjournment, and continued in daily session until the 27th of January, 1857, when it finally adjourned.   The plaintiff never filed any exceptions in his suit against Hawley, and on the 30th of December, 1856, during the recess of the court, as above mentioned, his attorney informed the clerk of the court that the plaintiff waived his exceptions in that suit, and requested the clerk to erase the entry of the same from the docket, and to issue an execution on the judgment in the suit, which the clerk accordingly did, the execution being issued and dated on the same 30th of December, 1856.   The statute provides that execution " shall not, of course, be stayed" by the allowance of

exceptions, but it " may be stayed by order of the court on consideration of the difficulty and importance of the question," and, when exceptions are taken, they are required to be filed with the clerk " within thirty days after the rising of the court;" and, if not filed within that time, the clerk is required to erase any entry of exceptions on the docket, and to issue execution on the judgment ; and it is provided that the time when such entry is erased from the docket shall be deemed the day on which the plaintiff is first entitled to execution on the judgment ; Comp. Stat p. 224–5, sec. 43, 44. The statute also provides that no execution shall issue on any judgment rendered by the supreme or county court " until twenty-four hours after the rising of the court, unless by special permission of such court ;" Comp. Stat., p. 253, sec. 81 ; and further declares that the day on which the plaintiff shall first by law, without leave of the court, be entitled to an execution on any judgment rendered in his favor, shall be deemed the time of rendering such judgment in all cases, so far as relates to holding property attached on mesne process, and the charging of any person as bail for delivering up the body or the principal ; Comp. Stat., p. 254, sec. 84. Under the decision in the case of *Paul* v. *Burton et al.*, 32 Vt., 148, the " *rising of the court*," when used in the statute in respect to the issuing of executions, must be regarded as being the day on which the term is closed by final adjournment, and we think that the same expression when used in the statute in respect to the filing of exceptions with the clerk, must be considered as referring to the same time. The time within which exceptions are to be filed must be the same in respect to all the judgments of any particular term, and can neither be extended nor limited in any particular case by construction. The clerk, therefore, was not authorized by the statute to erase from the docket the entry of exceptions, and to issue execution on the judgment, on the 30th December, 1856, on the ground that no exceptions were filed within thirty days after the rising of the court ; and if the plaintiff on the 30th December, 1856, was entitled to an execution on his judgment against Hawley, he became entitled to it under the order made by the county court on the 29th November, 1856, allowing executions to issue imme-

diately on all judgments consummated. But this general order, at the time it was made, had no reference to the judgment in favor of the plaintiff against Hawley, because a particular order had been made in the suit in which that judgment was rendered, staying the issue of execution on that judgment. The taking of exceptions is the act of the party, and not of the court, but an order staying execution on a judgment is always the act of the court. We have seen that the entry and allowance of exceptions does not necessarily involve a stay of execution, and that exceptions may be allowed without a stay of execution. As the taking of exceptions is the act of the party, he should be considered as entitled to waive or abandon his exceptions at his pleasure, if no adverse right is thereby affected. But an order staying execution would not necessarily fall with the abandonment of the exceptions, for it might have been made without reference or regard to the allowance of exceptions. As an order of court it is not to be controlled by a party to the suit; and, except in the particular instance in which the clerk is authorized by the statute to disregard it for the failure of the excepting party to file his exceptions within the time limited by the statute, it must remain operative until it is recalled by the court. We regard the excepting party as being entitled to waive his exceptions as well during the recess of the court as while it is in actual session, and think that the clerk might properly make an entry of such waiver on the docket whenever made ; but the clerk has no authority to erase from the docket an order staying execution except in the specific case in which it is given to him by the statute. These views lead to the conclusion that the plaintiff's execution against Hawley was irregular and prematurely issued.

Judgment of the county court for the defendant affirmed.