## W. H. BUCHANAN *vs.* B. B. COOK.

October Term, 1897.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Tax Bill and Warrant—Acts of 1888, No. 7, § 1—Certificate upon Tax Bill—Exception—Evidence—Discretion—"Wilfully."*

A municipality voted that "the taxes be paid to the treasurer," but there was nothing in the warning authorizing the vote. In an action to collect a tax, the plaintiff offered in evidence a list of the delinquent tax-payers with the treasurer's warrant attached, to which the defendant objected because they did not show an assessment by proper authority. The plaintiff's attorney thereupon stated that the certified copy of the records of the meeting showed that the municipality voted that the taxes be paid to the treasurer, and the defendant's attorney replied that he had not raised any question that such a vote was passed, from which the court understood that no objection was made in regard to the legality of the vote, and thereupon admitted the list and warrant against the defendant's exception. *Held*, that it was not open to the defendant to insist in this court that the warrant was illegal by reason of the illegality of the vote.

The court charged that the plaintiff must show that the necessary steps had been taken to impose a legal tax and remarked that it did not know that the defendant made any serious question but that these steps were taken. The defendant excepted to this part of the charge so far as it related to the tax-bill and warrant. *Held*, that the defendant was not entitled to insist upon the illegality of the vote, under this exception, for the court understood, and justifiably, from the defendant's previous position that no such question was made.

The statute does not require that the list of delinquent taxpayers nor the warrant attached thereto, delivered by the municipal treasurer to the collector, should show that the taxes were assessed by proper authority.

Acts of 1888, No. 7, § 1, which requires that selectmen should certify on each tax-bill made out by them what taxes are included therein and the rate per cent. of each, is satisfied by a bill from which, by inspection and computation, all the information can readily be obtained that the certificate was required to give, although it contained no certificate at all.

The question being whether, on April 1, 1894, the defendant was domiciled in Barre, as the plaintiff claimed, or in Berlin, as the defendant claimed, it was competent for the plaintiff to show that in the fall of that year the defendant acted as treasurer for a school district in Barre of which he was treasurer when he lived in that town.

It was discretionary with the court to allow a witness to be called, to supply an omission in the plaintiff's proof, after the arguments to the jury began.

In the statute relating to the neglect or refusal of the taxpayer to make out and return his inventory, the word, "wilfully," means intentionally and nothing more.

*Newell* v. *Whitingham*, 58 Vt. 341, followed.

ASSUMPSIT. Plea, the general issue. Trial by jury at the March Term, 1896, Washington County, *Ross*, C. J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The action was brought to recover a tax alleged to have been voted and assessed upon the grand list of 1894.

*S. C. Shurtleff* for the defendant.

*John W. Gordon* for the plaintiff.

ROWELL, J. This is assumpsit for the collection of a village tax of the village of Barre.

The village voted that "the taxes be paid to the treasurer," but there was nothing in the warning authorizing the vote. The plaintiff offered in evidence a list of the delinquent taxpayers of the village, with the village treasurer's warrant for the collection of the taxes thereto attached, to which the defendant objected, because they did not show an assessment of the taxes by any proper authority. The plaintiff's attorney thereupon stated that the certified copy of the records of the village meeting showed that the village voted that the taxes be paid to the treasurer, and the defendant's attorney replied that he had not raised any question that such a vote was not passed. The court was not called upon to examine the copy of record in this respect, and did not, and understood from the reply of the defendant's attorney that he made no question in regard to the legality of the vote, and thereupon admitted said list and warrant, against the defendant's exception, to show that the tax against him was duly

passed over to the plaintiff by the treasurer, with a proper warrant for its collection.

The statute made it the duty of the treasurer, had the tax-bill been properly in his hands, after the expiration of the statutory notice to taxpayers, to issue his warrant against delinquents for the amount of their tax and deliver it to the collector; but the statute did not require that the warrant nor the list therewith committed should show that the taxes were assessed by proper authority. The original tax-bill from which these taxes were taken was the proper document to show whatever was necessary in that regard. Indeed we do not understand that the defendant really insists on this exception in argument. But he does insist that the original tax-bill was void because it was not certified nor verified by the selectmen of the town nor the bailiffs of the village. It appeared that those officers employed a third person to make the tax-bill, and he combined therein, without blending, both the town and the village taxes, and gave the bill to Mr. Perry, who was treasurer of both municipalities; but no objection was made on account of such combination, and the bill was admitted in evidence, the defendant's counsel saying that he did not object to it for what it showed.

The court charged that the plaintiff must make out, in order to recover, that a legal tax existed against the defendant; that he must show that the town authorities had taken all the steps required to impose a legal tax, such as electing the proper officers, voting to tax, assessing the tax in due order, seasonably filing the preliminary list and the completed grand-list, and giving the defendant notice of the assessment; and the court added that it did not know that the defendant made any serious question but that those steps were taken. The defendant excepted to this part of the charge as far as it related to the tax-bill and the warrant. The tax-bill was not shown to the court, nor called to its attention, except by the testimony of the person who made it, and by its introduction in evidence.

Although there may be some doubt whether the charge relates to the tax-bill at all, we are inclined to treat it as thus relating, and to consider the exception. Of course it was for the bailiffs, not the selectmen, to make out the tax-bill for the village tax; and we assume that their duties therein were the same as the duties of selectmen in making out tax-bills for town and other taxes. The defendant relies on R. L. 382 to show that the tax-bill should have been verified by the bailiffs. But that section did not require tax-bills to be verified, but it erroneously assumed that some other statute did. *Wilmot* v. *Lathrop*, 67 Vt. 671. But in 1888 a statute was passed that selectmen should certify on each tax-bill made out by them, what taxes were included therein, and the rate per cent. of each. Acts of 1888, No. 7, § 1. There is no such certificate on the tax-bill in question, nor a certificate of any kind by the selectmen nor the bailiffs. The bill is made in a book, evidently intended for that purpose, as indicated by columns with printed headings. Opposite the name of the defendant therein, in separate columns appropriately headed, is entered in figures the amount of his grand list, his town tax, his village tax, the amount of all those taxes before the four per cent discount, and after that discount, the amount of his town school tax, and the total amount of all his taxes. And the bill throughout is made in that way.

Thus it appears that by inspection of the tax-bill and by computation, all the information could be readily obtained that the certificate was required to give; and this we think is enough, as the purpose of the statute is thereby accomplished, which is, to afford the information, but not intending that it can be given by certificate only, for that is form, not substance. Thus, in *Willard* v. *Pike*, 59 Vt. 202, although the completed grand-list did not contain all the particulars required by statute, yet it was held good, because the omissions could be supplied by computation from what it did contain. In *Hughes* v. *Kelley*, 69 Vt. 443,

it was objected that a tax-bill was invalid because the taxes were blended and not kept separate and placed in different columns; but in accordance with the maxim that that is sufficiently certain that can be made certain, the objection was overruled, regardless of its merits, because the bill afforded data from which the plaintiff could readily have obtained by computation all the information that it would have given him had the taxes not been blended.

If it is doubtful whether the charge relates to the tax-bill, it is still more doubtful whether it relates to the warrant. But possibly it amounts to saying that every requisite step had been taken to entitle the plaintiff to recover, excluding, of course, the question of residence, which was not referred to, and this would include a legal warrant. But note how the matter stood. The warrant and the list of delinquents to which it was attached, had been objected to for the sole and only reason that they did not show an assessment of the taxes by any proper authority; the court understood, and was warranted in understanding, from what the defendant's attorney said, that he made no question in regard to the legality of the vote that the taxes be paid to the treasurer, and admitted the warrant and list against the defendant's exception, to show that the defendant's tax was duly passed over to the plaintiff by the treasurer, with a proper warrant for its collection. In these circumstances the exception could not have apprised the court of the objection now made to the warrant, namely, that the treasurer had no authority to issue it, for the court certifies that it understood that the defendant made no question in regard to the legality of the vote that the taxes be paid to the treasurer. Hence the court must have understood that the exception was designed to save in another way the objection to the warrant that had already been saved. If the defendant designed the exception to be more far-reaching, he ought, in the circumstances, to have stated his further objection, that the court might act with its eyes open, otherwise it was

sure to be misled. This part of the exception, therefore, is not available to raise the question sought to be raised under it.

The question being whether the defendant was domiciled in Barre or Berlin on April 1, 1894, it was competent to show that in the fall of that year, under a vote of school district No. 11 in Barre, of which he was treasurer when he lived in that town, he, "as such treasurer," paid back to the taxpayers of the district certain money that the district had on hand; for as he was not eligible to the office of treasurer without he was a legal voter in the district, which he could not be without he was also a resident thereof and as his removal to Berlin, if an actual change of his residence, as he claimed it was, vacated his office, or at least evinced an intention on his part to resign it, and so was an implied resignation, his acting as treasurer, as the exceptions say the plaintiff was allowed to show, tended to prove that he still regarded himself as a resident of that district, and consequently of Barre.

It was entirely discretionary with the court to allow a witness to be called after the arguments to the jury began, to supply an omission in the plaintiff's proof; and that action is not the subject of exception, it not appearing that the defendant was thereby deprived of any legal right.

The statute provides that if a person wilfully omits to make, swear to, and deliver an inventory, the listers shall double his list.

The defendant delivered his inventory to the listers of Berlin, and was taxed there in 1894; and refused to deliver an inventory to the listers of Barre, because he claimed that his residence for the purpose of taxation was in Berlin. The listers of Barre doubled his list; and he excepted to the refusal of the court to charge that they had no right to do that, and that his list was thereby made void, as his refusal was not wilfull within the meaning of the statute.

There is considerable learning in the law on the meaning

of *wilfully* when used in statutes, and it seems to make a difference whether the statute is penal or non-penal. But we need not enter into an extended discussion of the matter, for the word as used in this very statute has been construed to mean *intentionally* and nothing more. There the plaintiff, in the utmost good faith, and because he really and honestly doubted his ability to make a full, true, and correct list and description of his taxable property, as the statutory form of the oath would make him say, interlined the words, "according to my best knowledge and belief," and refused to swear to his inventory otherwise, whereupon the listers rejected it and doubled his list, and their action was sustained. The court said that the refusal of the plaintiff, though conscientious, was intentional, and therefore wilfull in the sense in which that word is used in the statute. *Newell* v. *Whitingham*, 58 Vt. 341. And this accords with the construction that has always been given to that word as used in the statute concerning close-jail executions in actions of tort and for trust funds. In *Hill* v. *Cox*, 54 Vt. 627, it is said that a wrong that is purposely done is wilfully done, within the meaning of that statute.

Sometimes in statutes the word *wilfull*, or *wilfully*, approximates the idea of the milder kind of legal malice, that is, signifies an evil intent without justifiable excuse; and that is the meaning for which the defendant here contends. But that meaning is usually confined, we think, to penal statutes, though it does not always obtain there, for under the statutes of New York it is penal, wilfully to sever from the freehold of another any produce or other thing attached thereto, and it is held that to constitute the offence it is requisite only that the act should have been done intentionally and with design. *Anderson* v. *How*, 116 N. Y. 336. See 29 Am. and Eng. Ency. of Law, 113.

*Judgment affirmed.*