WILLIAM G. E. FLANDERS *v.* BRIDGET E. MULLIN.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and POWERS, JJ.

Opinion filed May 18, 1907.

*Close Jail Certificate—Bankruptcy—Discharge—Judgment for Wilful Injury.*

The right to a close jail certificate does not depend on the finding of a jury, but on a supplemental finding by the court, which may be based on further evidence.

A close jail certificate may be had in all actions founded on tort, regardless of the nature of the allegations.

Under V. S. 1751, the court at the time it renders judgment in an action founded on tort, may adjudge not only that "the cause of action arose from the wilful and malicious act of the defendant," but that it was also "for wilful injuries to the person of the plaintiff."

The malice contemplated by that provision of the Federal Bankruptcy Act excepting from the operation of a discharge judgments in ac-

tions "for wilful and malicious injuries to the person or property of another" is not malice in the broadest sense, ordinarily recognized in passing upon the right to a close jail certificate, but involves some act or neglect due to a wrongful motive.

The provision of the Federal Bankruptcy Act excepting from the operation of a discharge judgments in actions "for wilful injuries to the person or property of another" extends to all actions in which the facts of intent and malice are judicially ascertained, and a close jail certificate may be included in the consideration of the question whether the injuries for which the judgment was recovered were wilful and malicious.

A close jail certificate in an action for injuries sustained while undergoing a surgical operation, that the cause of action "arose from the wilful and malicious act of the defendant, and for wilful injuries to the person of the plaintiff," sufficiently shows that the action was founded on a wilful and malicious injury to the person, so as to bring it within the provision of the Federal Bankruptcy Act, excepting from the operation of a discharge judgments in actions "for wilful and malicious injuries to the person or property of another."

PETITION for a writ of prohibition brought to the Supreme Court for Rutland County at its May Term, 1903, and then heard on petition and answer. Reargued at the May Term, 1905.

At the March Term, 1902, of the Rutland County Court the petitionee obtained judgment, and a close jail certificate, against the petitioner in a suit for injuries sustained by her while undergoing surgical treatment at the hands of the petitioner. On March 7, 1902, the petitioner was duly adjudged a bankrupt on a petition filed by him the day before, and obtained his discharge in bankruptcy in due course on November 29, 1902. On May 2, 1903, this proceeding was brought to prevent a threatened issue of a certified execution against the petitioner upon said judgment.

*W. L. Burnap, Henry Ballard* and *V. A. Bullard* for the petitioner.

A judgment rendered pending proceedings in bankruptcy is barred by the judgment debtor's discharge in bankruptcy.

*Harrington* v. *McNaughton,* 20 Vt. 293; *Downer* v. *Rowell,* 26 Vt. 397; *Bank* v. *Onion,* 16 Vt. 470; 16 Enc., 2nd Ed. 771.

The character of the cause of action as to malice must be determined from the pleadings alone. *In re Patterson,* 1 U. S. 58; *Re Whitehouse,* 1 Lowell, 429; *Warner* v. *Cronkhite,* 13 N. B. R. 52; *Re Schwarz,* 15 U. S. B. R. 330; *Farmer* v. *Preston,* 45 Vt. 154; *Re Rhutassell,* 2 Am. B. R. 697; *Re Sullivan,* 2 Am. B. R. 30; *Re McCauley,* 4 Am. B. R. 122; *Burnham* v. *Pidcock,* 5 Am. B. R. 590; *Hennequin* v. *Clews,* 111 U. S. 676; *Freche Case,* 6 Am. B. R. 474.

No case can be found holding that an injury resulting from negligence is within the intent of the phrase "wilful and malicious injury." *Crawford* v. *Burke,* 11 Am. B. R. 15; *Colwell* v. *Tinker,* 7 Am. B. R. 334; *Re Ruhlin,* 7 Am. B. R. 238.

*Butler & Moloney* for the petitionee.

"Malice, in common acceptance, means ill will against a person, but in its legal sense it means a wrongful act done intentionally, without just cause or excuse." *Browage* v. *Prosser,* 4 Barn. & Cress. 247; *Exlion* v. *Sargent,* 23 Ohio C. C. R. 180; *Tinker* v. *Colwell,* 169 N. Y. 531.

The writ of prohibition will not issue to restrain the issuance of an execution by a court having jurisdiction of the case, the issuance of an execution being a mere ministerial and not a judicial act. Am. & Eng. Enc., tit. Prohibition; Enc. of P. & P., tit. Prohibition; High on Extraordinary Legal Remedies, §674.

MUNSON, J. The petitionee obtained a judgment against the petitioner in an action of tort, and an adjudication that the cause of action arose from the wilful and malicious act of the defendant. The petitioner has obtained a discharge in bankruptcy, and contends that the collection of this judgment is barred by it. The bankrupt act excepts from the operation of a discharge judgments in actions "for wilful and malicious injuries to the person or property of another." The suit was for injuries sustained by the plaintiff while undergoing surgical treatment at the hands of the defendant, and was tried on the general issue. The declaration alleges throughout that the acts complained of were done negligently, carelessly, improperly and unskillfully. There is no allegation that they were done inten-

tionally, wilfully or maliciously. The petitioner contends that the question whether the injuries were wilful and malicious is to be determined solely from an inspection of the pleadings; that the charge made and denied is one of negligence merely; that the scope of the judgment is limited to the issue tried; and that the action of the court can add nothing to the judgment as thus determined. But the petitionee claims that the question is to be determined from the record as a whole, and that the findings of the court in granting a close jail certificate determine the wilful and malicious character of the acts complained of in the declaration.

We think the exception in question must be held to cover all cases in which the facts of intent and malice are judicially ascertained by direction of the law, however the act may be characterized by the allegations. The plaintiff's right to a close jail certificate does not depend upon a finding by the jury, but upon a supplemental finding of the court, which may be based upon further evidence. This may be had in all actions founded on tort, regardless of the nature of the allegations. So we proceed to a consideration of the case with the certificate included.

The certificate contains a finding, in the words of the statute, that the cause of action "arose from the wilful and malicious act of the defendant." But the petitioner contends that the malice meant by the Federal law is actual malice, and not malice in the broader sense recognized in passing upon the right to a close jail certificate, and that a mere adjudication of malice in the words of our statute does not bring the case within the exception relied upon. It seems clear that the Federal provision contemplates something more restricted than malice in the broader sense. The term "fiduciary capacity," as used in the same section, is held to include only cases of technical trusts, and not cases of implied trusts. *Hennequin* v. *Clews,* 111 U. S. 676; 28 Law. Ed. 565; *Stickney* v. *Parmenter,* 74 Vt. 58, 52 Atl. 73. The word "fraud" also, as used in a previous statute, was held to mean positive fraud, or intentional wrong, and not implied fraud, such as may exist without any bad faith. *Neal* v. *Scruggs,* 95 U. S. 704, 24 Law. Ed. 586. We have found no satisfactory ground upon which to give a broader meaning to the word as used in the present bankrupt act, although the possibility of this is suggested in *Tinker* v. *Colwell,* 193 U. S. 473.

If the word "malice" is to receive a similar construction, something more than the ordinary finding of a wilful and malicious act is required. The cases relied upon by the petitionee can not be considered authorities to the contrary. In *Re Freche,* 6 Am. B. R. 479, and *Colwell* v. *Tinker,* 169 N. Y. 531, 7 Am. B. R. 334, affirmed in *Tinker* v. *Colwell,* above cited, the debts were judgments recovered in cases of seduction and criminal conversation. The acts there were wrongful in themselves, and afforded a basis for the deduction of malice not found in the charge involved here. A surgical operation is in itself proper, and there must be a finding of something beyond a negligent performance of the operation—a finding of some act or neglect due to a wrongful motive.

But in granting this certificate the court did not confine itself to the words of the statute. Its finding is that the cause of action "arose from the wilful and malicious act of the said defendant, and for wilful injuries to the person of the plaintiff." Our further inquiry is as to the meaning and effect of the second clause.

The clause was apparently intended to add something sufficiently specific to bring the case clearly within the provision of the Federal law. "Wilful" means "intentional"; and the fair meaning of the entire finding is that the wilful and malicious act consisted of intentional injuries to the person of the plaintiff. It cannot fairly be claimed that in thus speaking of wilful, or intentional, injuries, the court referred to the injuries essential to the operation, and if not, it must have referred to injuries wrongfully inflicted beyond the scope of the operation. The petitioner is first found guilty of a wilful and malicious act, and if he intentionally injured his patient in something not essential to the operation, his act therein was wilful and malicious in the required sense.

It is claimed, however, that this part of the finding is not authorized or warranted by the statute, and must be treated as a nullity. The language of the statute covers two classes of cases, only one of which meets the requirement of the bankrupt law. The finding in the words of the statute authorizes a close jail certificate, but is not sufficient to protect the judgment against a discharge in bankruptcy. The additional finding does not go beyond the statute, but indicates the class covered by the statute to which the case belongs. The Federal bankrupt act

is of governing force, and the rights it gives to litigants in our courts are to be recognized and protected. We are not compelled to admit that our courts are powerless to secure to successful suitors a benefit which the bankrupt act intends they shall retain. If the facts justified a finding that would make the certificate effectual under the Federal law, the Court might well incorporate it in its adjudication.

*Petition dismissed with costs. Let execution issue.*