---

## IN RE A. H. COTE.

February Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 19, 1918.

*G. L. 2255—Judgment—Suspension—Taking of Exception—*
*Reference to Declaration—Construction—Bankruptcy—*
*Discharge—Wilful and Malicious Injuries—"Wilful"—*
*Presumptions—Natural Consequence of Act—Pleadings—*
*Action on the Case—Construction—"Malice."*

Under G. L. 2255, the taking of an exception to a judgment rendered
  by the county court does not suspend or affect the judgment, even
  where the case is regularly passed to the Supreme Court by filing
  a bill of exceptions.

In a *habeas corpus* proceeding for the discharge of the relator from
  jail upon the ground that the judgment, on which a certified ex-
  ecution was issued and the relator committed, was discharged by
  bankruptcy proceedings, the declaration in the action on which the
  judgment was rendered, when resorted to for the purpose of dis-
  covering existing facts, should be construed most favorably to the
  relator if that can be reasonably done, but should not receive an
  unreasonable construction.

The character of the act on which it is based is the test of whether
  a judgment falls within exception (2) of section 17a of the Bank-
  ruptcy Act, providing that a discharge in bankruptcy does not
  release a liability "for wilful and malicious injuries to the person
  or property of another."

In determining whether a judgment falls within the above exception,
  the form of a count or declaration is not conclusive and controlling

as to the character of the act, but the Court will not only look into
the entire record, but will also look behind the judgment.

The word "wilful," in exception (2) of section 17a of the Bankruptcy
Act, means intentional, though in criminal actions it may have a
different and darker shade of meaning.

In a civil cause a presumption arises that an intelligent person intends
the natural and legal consequences of his act.

Since the jury must have found that the relator, at the time of the
accident, was running his car at an unlawful rate of speed and was
unlawfully attempting to pass the intestate, nothing appearing to
the contrary, the presumption arises that those acts were done in-
tentionally, when taken in connection with the judgment of the
court that the cause of action on which the judgment was founded
arose from the wilful and malicious act of the relator.

Allegations in trespass on the case that the acts were done carelessly
and negligently do not necessarily imply that they were not done
intentionally.

The malice necessary to bring a case within exception (2) of 17a of
the Bankruptcy Act need not be express malice, and does not re-
quire proof of special malice, but proof of the malice implied in a
wrongful act, done intentionally and without cause or excuse, is
sufficient.

From the allegations in the declaration, the certificate of the court,
and the record, it appears that the act of the relator, upon which
the judgment against him was based, was a wilful and malicious
injury to the intestate: and the judgment against him was not
discharged by his discharge in bankruptcy.

*Flanders* v. *Mullin*, 80 Vt. 124, and *In re Grout*, 88 Vt. 318, distinguished.


PETITION for writ of *habeas corpus* brought to the Supreme
Court of Washington County, and heard on an agreed statement
of facts.    The opinion states the case.

*Searles, Graves & Cameron* for the relator.

The verdict was a general one, and the wrong done by the
relator must be taken to be described in the counts most favorable
to him, namely the counts charging simple negligence and care-
lessness, for in these proceedings the burden of showing other-
wise is on the execution creditor.    *Bailey* v. *Gleason*, 76 Vt. 115;
*In re Peterson*, 77 Vt. 226; *In re Grout*, 88 Vt. 318.

The malice contemplated by the provision of the Bankruptcy Act, excepting from the operation of a discharge judgments in actions "for wilful and malicious injuries to the person or property of another," is not malice in the broadest sense, ordinarily recognized in passing upon the right to a close jail certificate, but involves some act or neglect due to a wrongful motive. *In re Lord,* 144 Fed. 320, 16 Am. B. R. 201; *Tompkins* v. *Williams,* 122 N. Y. Sup. 152, 23 Am. B. R. 886; *In re Peterson,* 77 Vt. 226; *In re Ennis et al.,* 171 Fed. 755; *In re Wakefield,* 207 Fed. 180, 31 Am. B. R. 42; *McClellan* v. *Schmidt,* 235 Fed. 986; *Flanders* v. *Mullin,* 80 Vt. 124; *In re Grout,* 88 Vt. 318; *Tinker* v. *Colwell,* 193 U. S. 473, 48 L. ed. 754.

*Porter, Witters & Harvey* and *Samuel E. Richardson* for the execution creditor.

MILES, J.   On the 24th day of July, 1917, Hattie M. Bancroft, administratrix, recovered judgment against the relator in an action of tort.   The declaration contained six counts, two in trespass and four in trespass on the case.   At the time of the rendition of the judgment the court adjudged and certified that the cause of action on which the judgment was founded arose from the wilful and malicious act of the relator.   The relator took an exception to the judgment, but no bill was ever filed, and on August 23, 1917, the same was stricken from the record, in accordance with G. L. 2258.

On August 1, 1917, the relator filed his petition in bankruptcy, and on August 3, 1917, he was adjudged a bankrupt. On August 22, 1917, he was discharged by the court of bankruptcy, and on October 26, 1917, he was committed to jail upon a certified execution issued upon said judgment, and from this confinement he seeks to be discharged.

The relator claims that his discharge in bankruptcy discharged him from the judgment upon which the execution issued, under section 17a of the Bankruptcy Act; that the declaration in the case in which the judgment was rendered, construed in the light most favorable to the relator, as the Court is bound to do, under the rule laid down in the case of *In re Grout,* 88 Vt. 318, 92 Atl. 646, Ann. Cas. 1917 A, 210, alleges an act of mere negligence, and does not set forth a case of "wilful and malicious injury to the person" of the intestate, and so does not fall under

exception (2) of section 17a. The creditor takes an entirely different view of the construction to be given to the declaration. She claims that, construed in the light most favorable to the relator, the allegations fairly and reasonably show an act of wilful and malicious injury to the person of the intestate. Both parties thus rely upon the declaration in support of their several contentions; the creditor, however, claiming that her contention is made plain by the judgment of the court below that the cause of action upon which the judgment is founded arose from the wilful and malicious act of the relator.

The creditor further claims that the judgment was not discharged by the relator's discharge in bankruptcy, because the judgment was not a fixed liability at the time of the relator's discharge in bankruptcy. This claim can be disposed of by briefly calling attention to G. L. 2255, in which it is provided that execution shall not, of course, be stayed upon the passage of a cause to the Supreme Court. This clearly indicates that the taking of an exception does not suspend the judgment, as claimed by the creditor. Nor is the judgment vacated by such exception, even when the case is regularly passed to the Supreme Court, by filing a bill of exceptions as required by statute. *Jennings* v. *Downer*, 29 Vt. 339. The taking of an exception is the act of the party, and not of the court, and does not necessarily involve the stay of the execution. *Howard* v. *Burlington*, 35 Vt. 491.

We do not agree with either party as to the construction to be given to the declaration. It is true, as claimed by the relator, that a declaration, when resorted to for the purpose of discovering existing facts, should be construed in the light most favorable to the relator; but this does not mean that it should receive an unreasonable construction in his favor. It merely means that it should be construed in his favor, if that can be done reasonably. The form of the declaration alone is not determinative of whether the case falls within the exception to section 17a. *Flanders* v. *Mullin*, 80 Vt. 124, 66 Atl. 789, 12 Ann. Cas. 1010; *In re Grout, supra.* In the former case it is said: "We think the exception in question must be held to. cover all cases in which the facts of intent and malice are judicially ascertained by direction of the law, however the act may be characterized by the allegations." In the latter case it is said: "The fact that the first declaration is trespass in form,

and charges the wrong as an assault, is not controlling." The character of the act is the test of whether the judgment falls within the exception. It is said in 3 R. C. L. 333, par. 152: "The question of whether personal injuries, on account of which a judgment in an action of tort was obtained, were wilful and malicious, is not to be determined solely from an inspection of the pleadings, but from the record as a whole, and the findings of the court, in granting a close jail certificate under the statute declaring the acts complained of were malicious and wilful, may be considered."

To hold that the form of a count or declaration is conclusive and controlling as to the character of an act would justify a holding that the pleader by the stroke of a pen can change the character of an act already completed. The Court, to discover the character of an act, and to determine whether it falls within the exception, in section 17a of the Bankruptcy Act, will not only look into the entire record, but also look behind the judgment. *Paterson* v. *Smith*, 72 Vt. 288, 47 Atl. 1088; Brand. on Bankruptcy, par. 433. To bring the case within the exception it must have been a wilful and malicious injury to the person of the creditor's intestate, as claimed by the relator.

"Wilful," in the Bankruptcy Act, means intentional. *McChristal* v. *Clisbee*, 190 Mass. 120, 76 N. E. 511, 3 L. R. A. (N. S.) 702, 5 Ann. Cas. 76; *Buchanan* v. *Cook*, 70 Vt. 168, 40 Atl. 102; *Flanders* v. *Mullin, supra; Tinker* v. *Colwell*, 193 U. S. 473, 48 L. ed. 754, 24 Sup. Ct. 505; Rapalje & Lawrence's Law Dic. Vol. 2, 1358. This is the meaning given to that word by this Court in civil actions. *Buchanan* v. *Cook, supra; Newell* v. *Whitingham*, 58 Vt. 341, 2 Atl. 172. In criminal actions the word "wilful" may have a different and darker shade of meaning. *Buchanan* v. *Cook, supra; State* v. *Burlington Drug Co.*, 84 Vt. 243, 78 Atl. 882; *State* v. *Muzzy*, 87 Vt. 267, 88 Atl. 895. A failure to distinguish this difference of the meaning of the word "wilful," when used in these different relations, is chiefly the cause of the confusion that has arisen in the definition of that word. In a civil cause a presumption arises that an intelligent person intends the natural and legal consequences of his act. *Hazen et al.* v. *Lyndonville Bank*, 70 Vt. 543, 550, 41 Atl. 1046, 67 Am. St. Rep. 680. To the same effect is *Wright* v. *Clark*, 50 Vt. 130, 28 Am. Rep. 496. The jury in this case must have found that the relator committed the acts complained of

in the declaration, among which, in addition to what has already been stated, was the allegation that the relator, at the time of the injury, was running his car at an unlawful rate of speed, and was unlawfully attempting to pass the car in which the intestate was riding, on the wrong side of the road.

Nothing appearing in the case from which a presumption can arise that these facts set forth in the declaration were the result of accident or simple negligence by omission, the presumption arises that they were done intentionally, when taken in connection with the judgment of the court that the cause of action on which the judgment was founded arose from the wilful and malicious act of the relator. The fact that the counts in trespass on the case allege that the acts were done carelessly and negligently does not necessarily imply that they were not done intentionally. *In re Grout, supra.*

The malice necessary to bring the case within the exception need not be express malice, for malice required in the act does not mean express malice, and does not require proof of special malice; but proof of the malice implied in a wrongful act, done intentionally and without cause or excuse, is sufficient. *Tinker v. Colwell, supra; McIntyre v. Kavanaugh,* 242 U. S. 138, 61 L. ed. 205, 37 Sup. Ct. 38, 3 R. C. L. 333, par. 152. From the allegations in the declaration, the certificate of the court, and such of the record as appears in the case, we are of the opinion that the injury complained of was the direct result of force set in motion by the relator, and, so far as anything is called to our attention, was without excuse or justification, and while, as we may infer from the allegations in the declaration, the relator was doing a wrongful act in the violation of a statutory provision.

Under the authorities above cited, the act being unlawful and done intentionally, and without cause and excuse, we hold that the act was a wilful and malicious injury to the person of the intestate, that the case falls within the exception, and that the judgment was not discharged by the relator's discharge in bankruptcy.

This holding is not in conflict with *Flanders* v. *Mullin, supra.* In that case the Court considered what effect the finding below, that a cause of action arose from the wilful act of the relator, with nothing more, would have upon a discharge in bankruptcy. It was considered as an abstract proposition of law, without resort to other facts in the record, and the case was de-

termined upon another point.   Nor is the holding in conflict
with *In re Grout, supra,* two cases so entitled and tried together.
In neither of those cases was there any finding that the cause
of action upon which the judgment was founded, arose from the
wilful and malicious act of the relator, and the cases turned on
what appeared in the declaration alone, and in deciding those
cases, the Court made special mention of the fact that the court
below had not found that the cause of action on which the judg-
ments were founded arose from the wilful and malicious act
of the relators.   One of those cases was in the form of trespass,
and the other in the form of trespass on the case; but both cases
related to a single act, as do all the counts in this case, and this
Court, disregarding the form of the action, held that the fact, as
gathered from the declaration in both cases, unsupported by the
finding of the court, that the cause of action arose from the wil-
ful and malicious act of the relator in that case, did not bring the
case within the exception.

    *Judgment that relator is not unlawfully restrained of his
liberty, and the petition is dismissed, and the relator is remanded
to his former custody under the execution.*