## In re PHILLIPS.

(District Court, S. D. Ohio, W. D.   April 15, 1924.)

No. 648.

1. **Bankruptcy ⚖︎407(1)—Discharge to bankrupt refused only for reasons specifically stated in Bankruptcy Act.**

   A discharge will be refused only for reasons specifically stated in Bankruptcy Act, § 14b (Comp. St. § 9598), as justification for such refusal.

2. **Bankruptcy ⚖︎413(3)—Rule as to sufficiency of specifications in opposition to discharge to bankrupt stated.**

   Specifications in opposition to the granting of a discharge to the bankrupt must be clear and unequivocal, and contain specific averments of facts, pleaded with sufficient certainty of detail to apprise the bankrupt of the charge he has to meet, and to enable the court to understand the issue to be examined and determined by it.

3. **Bankruptcy ⚖︎413(4)—Stating conclusion in opposition to granting of discharge to bankrupt held insufficient.**

   Specification, in opposition to granting of discharge to bankrupt, "that said bankrupt has not given the correct amount of property owned by him, nor the correct amount of the value of said property," without pleading facts in support thereof, *held* insufficient.

4. **Bankruptcy ⚖︎407(2)—Specification that only debt scheduled was not dischargeable held not to warrant refusal to discharge bankrupt.**

   Specification, in opposition to granting of discharge to bankrupt, that the only debt scheduled was not discharged under the Bankruptcy Act, *held* insufficient to warrant refusal to grant discharge under section 14b (Comp. St. § 9598), since in such case, if the debt is dischargeable, the bankrupt is entitled to such discharge, and, if not dischargeable, no prejudice to the creditor results from postponing the determination of the question until it is raised by setting up the discharge as a bar to further proceedings to enforce the debt.

5. **Bankruptcy ⚖︎424—Judgment for injuries caused by negligence not a liability for "willful and malicious injuries," within Bankruptcy Act.**

   A judgment rendered against the bankrupt in an action for injuries caused by bankrupt operating an automobile in violation of law *held* not

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a liability for "willful and malicious injuries to the person or property of another," within Bankruptcy Act, § 17 (2), being Comp. St. § 9601, providing that such a liability shall not be discharged; the words "willful and malicious" signifying intentional doing of an act which must, and does result in injury, or that class of torts in which malice and injury are always implied by law.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Willful and Malicious Injury.]

In Bankruptcy. In the matter of Charles Phillips, bankrupt. On specifications in opposition to granting of discharge to bankrupt. Specifications dismissed, and discharge granted.

P. H. Rue, of Franklin, Ohio, for bankrupt.

Patrick Gaynor, of Franklin, Ohio, for objecting creditor.

HICKENLOOPER, District Judge. This cause comes up for hearing on specifications in opposition to the granting of a discharge to the bankrupt. The specifications insisted upon are as follows:

(1) That said bankrupt has not given the correct amount of property owned by him, nor the correct amount of the value of said property.

(2) That the action in which the undersigned obtained the judgment against said bankrupt in the common pleas court of Montgomery county, Ohio, as shown and designated in the schedule of debts filed by said bankrupt herein, was an action for injuries to the property of the undersigned and to his wife, whereby he lost her services and companionship, and caused by the willful operation of an automobile by said bankrupt in the village of Miamisburg, Montgomery county, Ohio, in violation of the laws of the state of Ohio and the ordinances of said village.

Section 14b of the Bankruptcy Law (Comp. St. § 9598) provides:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto * * * and discharge the applicant unless he has * * * (4) at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, * * * any of his property, with intent to hinder, delay, or defraud his creditors. * * *"

This last-quoted subdivision of section 14b is the only subdivision thereof even remotely bearing upon the allegations, if such they can be called, of the first specification. Nor does it seem intended by this specification to charge the commission of any of the offenses punishable by imprisonment under the Bankruptcy Act, which is made a reason for refusing the discharge under subdivision (1) of section 14b, unless it be, inferentially, the concealment of assets from the trustee under section 29 (Comp. St. § 9613).

[1, 2] The first question for consideration, therefore, is whether this specification sufficiently states any ground for refusing the discharge, for it is almost elementary that the discharge may be refused only for one or more of the reasons specifically stated in section 14b as justification for such refusal. If no such justification exists, the discharge will be granted as a matter of course. Likewise it has been established by repeated decisions that:

"Specifications must be clear and unequivocal, and contain specific averments of facts; they should be pleaded with greater particularity than complaints in civil actions." 1 Collier on Bankruptcy (13th Ed.) 498, and cases there cited.

"The allegations must be specific, and of such a character that their sufficiency may be met by demurrer, or by exceptions analogous to those allowed in equity." Troeder v. Lorsch, 150 Fed. 710, 711, 80 C. C. A. 376, 377 (C. C. A. 1).

"It is evident that the specifications of objection should point out or specify what property was concealed, and when, with some reasonable degree of certainty." In re Agnew, 225 Fed. 650, 654 (D. C. N. Y.).

See, also, In re Ruhlman, 279 Fed. 250, 252 (C. C. A. 2).

[3] Does the first specification in the instant case meet these conditions? The bankrupt has filed a demurrer to the specifications which, considered as a demurrer or as a motion to dismiss, tests the sufficiency in law of the allegations made. Clearly, by any of the rules laid down, the first specification is wholly insufficient to sustain an objection to the discharge.

"The rule is the facts relied on to prevent a discharge must be pleaded with sufficient certainty of detail as to apprise the bankrupt of the charge he has to meet and to enable the court to understand the issue to be examined and determined by it." Remmers v. Merchants'-Laclede National Bank, 173 Fed. 484, 486, 97 C. C. A. 490, 492 (C. C. A. 8).

Here no facts are pleaded—no detail set out. The bankrupt and the court alike are left to speculate upon the exact nature of the charge and the evidence which must be produced to meet it. By no rule of pleading or reason could any such specification be sustained as good against demurrer. Such demurrer or motion to dismiss must be sustained.

[4] We come, then, to a consideration of the second specification. Here it is urged that, unless this specification be sustained, the only debt scheduled will be one which is not dischargeable under the Bankruptcy Act, and inasmuch as any voluntary bankrupt must have at least one dischargeable debt before he can file a petition in bankruptcy, this condition will not be met, and the petition itself must be dismissed. Even if we concede that the debt upon which this specification is founded is the only debt of the alleged bankrupt and that it is not dischargeable, yet we cannot accede to the position taken by the objector. This exact point was decided in favor of the granting of a discharge in In re Tinker, 99 Fed. 79 (D. C. N. Y.), and inferentially in In re Carmichael, 96 Fed. 594 (D. C. Iowa), In re McCarty, 111 Fed. 151 (D. C. Ill.), and In re Gara, 190 Fed. 112 ( D. C. Pa.). In these latter cases the distinction is clearly drawn between the right of a bankrupt to his discharge and the effect of such discharge.

In order to justify the refusal of a discharge, one of the causes for such refusal mentioned in section 14b must exist. If they do not, the issue of the effect of the discharge cannot properly arise or be considered in determining the right to a discharge. In re Marshall Paper Co., 102 Fed. 872, 874, 43 C. C. A. 38 (C. C. A. 1). The granting of the discharge in no wise concludes the future determination as to whether the debt in question was included in it, and this question should properly be left for determination in the proper tribunal when the judg-

ment is sought to be enforced. If the debt is dischargeable, the bankrupt is entitled to such discharge. If it is not dischargeable, no prejudice to the creditor results from postponing the determination of this question until it is raised in the ordinary way, by setting up the discharge as a bar to further proceedings to enforce the judgment. So far as this judgment is concerned, the objector is not a "party in interest."

[5] But, even if we were to consider the present proceedings as raising the issue of the dischargeable character of this judgment under section 17 (2), being Comp. St. § 9601, as a liability "for willful and malicious injuries to the person or property of another," we are far from convinced that the debt would not be discharged. We are not unmindful of the case of Ex parte Cote, 93 Vt. 10, 106 Atl. 519, 44 Am. Bankr. Rep. 43, in which the Supreme Court of Vermont held that damages resulting from intentional violation of law were willful and malicious, but we are inclined to the opinion that, under the federal authorities, "willful and malicious injuries" mean something more than injuries which chanced to happen by reason of an intentional unlawful act. These words signify to us the intentional doing of an act which must and does result in injury to the plaintiff, or that class of torts in which malice and injury are always implied by law.

Thus conversion of one's property must and does necessarily result in injury to the owner of the property, and a liability founded thereon is not discharged. McIntyre v. Kavanaugh, 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. 205. And, even though not specifically mentioned, criminal conversation would be in the same category. The inevitable result is an injury to the husband. Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754. So, also, malicious prosecution, false imprisonment, assault and battery, slander, libel, and the like, are all cases where malice is implied and injury presumed, nominal or substantial. See Thompson v. Judy (C. C. A. 6) 169 Fed. 553, 95 C. C. A. 51 (libel). This is not so in every case of violation of traffic laws, no matter how reckless they may be. There is no presumption of "willful" injury, because even nominal injury does not necessarily result to the plaintiff creditor, or to any individual, as a result of the illegal act. The act is willful; the result is accidental and negligent, but not willful. This distinction is suggested in the case of Tinker v. Colwell, supra, where, at page 489 (24 Sup. Ct. 510), the court says:

"One who negligently drives through a crowded thoroughfare and negligently runs over an individual would not, as we suppose, be within the exception. True, he drives negligently, and that is a wrongful act; but he does not intentionally drive over the individual. If he intentionally did drive over him, it would certainly be malicious."

And this passage is cited, Ex parte Cote, supra, disapproved, and a practically identical debt held dischargeable, in In re Wilson, 269 Fed. 845 (D. C. Md.). So, upon the whole, whether the issue of the dischargeable character of the judgment debt be considered as raised or not, we are clearly of the opinion that the specifications must be dismissed and the discharge granted.

It is so ordered.