### In re VENA.

### No. 30735.

District Court, W. D. Washington, N. D. Oct. 30, 1930.

John P. Gallagher and Roscoe R. Smith, both of Seattle, Wash., for bankrupt.

Carkeek, McDonald & Harris, of Seattle, Wash., for objecting creditor.

NETERER, District Judge.

On January 10, 1930, judgment was entered against the bankrupt in favor of the guardian ad litem for injury occasioned to a seven year old child by negligently and recklessly driving an automobile over a street in the city of Seattle, striking and severely injuring the child. On the 11th day of January adjudication in bankruptcy was entered upon a voluntary petition; and to the petition for discharge objection is filed that the injury was willfully and maliciously inflicted, and that under section 35, title 11, USCA, cannot be granted.

The act of the bankrupt charged is that he was driving along the street in Seattle, Wash., "at a high and excessive rate of speed, to-wit, a speed in excess of forty miles an hour and at said time the plaintiff was crossing Lane Street at a point approximately half-way between 18th Avenue South and 16th Avenue South from the south side of Lane Street" when she was struck. The judgment is the only claim scheduled, and the dischargeability of the judgment is therefore the only issue.

On the hearing in support of the objection, the record in the trial court was offered, and likewise oral testimony to the tenor and effect that the bankrupt was driving down a street having an incline or elevation of about fifteen per cent., at a speed of forty miles or more an hour. Objection was made to the materiality of this testimony.

From the record and the evidence, there is no doubt but that the bankrupt was driving at a grossly excessive speed. The court judicially knows that the speed limit upon the street in question, by the laws of the state, is twenty-five miles per hour.

In Meyer v. Dollar Steamship Line, 43 F.(2d) 425, this court said "wilful" may be said to be free activity inspired by conscious motion of the will.

"Malice" extends to an evil design, a wicked notion against some one. An act intending to strike the child, or striking the child under such circumstances from which intent could be inferred, would be malicious.

The act of the bankrupt was wrongful and unlawful in exceeding the speed limit. It is not contended that the bankrupt saw the child, and there is nothing in the record to indicate such knowledge.

The objector relies upon In re Cote, 93 Vt. 10, 106 A. 519, 44 A. B. R. 43, in which the court held that the negligent act was willful and malicious, but attached to the judg-

82

ment, under the Vermont statute, was a certificate from the trial judge that the act was willful and malicious. Upon this certificate and the entire record, which is not set out, the claim was held not dischargeable.

█ That mere excessive speed, though willful, does not imply malice, I think, is uniformly held, but, in addition to that, there must be some motive or purpose against a person or persons, or a basis for inference of such purpose inspiring the speed.

The Supreme Court in Tinker v. Colwell, 193 U. S. 473, at page 489, 24 S. Ct. 505, 510, 48 L. Ed. 754, said:

"One who negligently drives through a crowded thoroughfare and negligently runs over an individual would not, as we suppose, be within the exception. True, he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual. If he intentionally did drive over him, it would certainly be malicious."

In the instant case there is no contention that there was any intent to run over the child. There is no evidence that the bankrupt knew that the child, or any one, was on the street. It is shown that he was speeding to meet an engagement which was overdue.

No court, state or federal, is cited following In re Cote, supra, and I know of none, but many are to the contrary, among which are In re Wilson (D. C.) 269 F. 845; In re Phillips (D. C.) 298 F. 135; Ely v. O'Dell, 146 Wash. 667, 264 P. 715, 57 A. L. R. 151.

The conclusion must follow that the act was not willful and malicious.