### In re KUBINIEC.

### No. 18823.

District Court, W. D. New York.

Sept. 21, 1932.

Stanley J. Dryja, of Niagara Falls, N. Y., for bankrupt.

Catherine Rowley Lautz, of North Tonawanda, N. Y., for judgment creditor.

KNIGHT, District Judge.

"Willful negligence" has been defined as that degree of neglect arising where there is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public, in the performance of which the public and the party injured had an interest. "To constitute a willful injury, the act which produced it must have been intentional, or must have been done under such circumstances as to evince a reckless disregard for the safety of others, and a willingness to inflict the injury complained of." 40 Cyc. 948, quoted in Re Cunningham (D. C.) 253 F. 663, 665. Another definition is found in Tinker v. Colwell, 193 U. S. 473, 24 S. Ct. 505, 509, 48 L. Ed. 754, where the court says: "A wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception." In McIntyre v. Kavanaugh, 242 U. S. 138, 37 S. Ct. 38, 40, 61 L. Ed. 205, it was urged that

the malice referred to in the section is malice toward the individual person such as is meant, for instance, in a statute for maliciously destroying property, or for malicious mischief, where mere intentional injury without special malice toward the individual has been held by some courts to be sufficient. The court said: "We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor, and not a malicious wrongdoer, that was to be discharged."

In re Harber (C. C. A.) 9 F.(2d) 551, holds inferentially that an allegation that the injury was malicious is essential to bring the judgment under section 17 (2) of the Bankruptcy Act, 11 USCA § 35 (2). In the Matter of Frank Dutkiewicz (D. C.) 27 F. (2d) 334, such an allegation was present. The defendant interposed no answer and the court held that the plaintiff had proved his case as alleged in the complaint, and, therefore, the claim was not dischargeable. In the case here involved, an answer was interposed. Trial before a jury was had and a verdict returned in favor of the plaintiff. The plaintiff's attorney urges that the record in the case shows that the proof in the case shows a willful and malicious injury to her client. Without the record, this court would be limited to a determination based on whether mere negligence constitutes a willful and malicious injury. In re Roberts (D. C.) 290 F. 257. In that case it was held that mere negligence did not constitute such an injury and consequently the judgment was dischargeable. The language of In re Wilson (D. C.) 269 F. 845, 846, indicates what to me appears to be the true intent of the statute. It is that an intentional wrongdoer should not be allowed to escape liability for his act, but where the injury was the result of negligence, relief should be extended. In Re Phillips (D. C.) 298 F. 135, 138, the court said: "We are not unmindful of the case of Ex parte Cote, 93 Vt. 10, 106 A. 519, 44 Am. Bankr. Rep. 43, in which the Supreme Court of Vermont held that damages resulting from intentional violation of law were willful and malicious, but we are inclined to the opinion that, under the federal authorities, 'willful and malicious injuries' mean something more than injuries which chanced to happen by reason of an intentional unlawful act. These words signify to us the intentional doing of an act which must and does result in injury to the plaintiff, or that class of torts in which malice and in-

jury are always implied by law." Malice cannot be implied and injury presumed "in every case of violation of traffic laws, no matter how reckless they may be. There is no presumption of 'willful' injury, because even nominal injury does not necessarily result to the plaintiff creditor, or to any individual, as a result of the illegal act. The act is willful; the result is accidental and negligent, but not willful."

Tinker v. Collwell, 193 U. S. 473, 24 S. Ct. 505, 510, 48 L. Ed. 754, contains the following statement: "One who negligently drives through a crowded thoroughfare and negligently runs over an individual would not, as we suppose, be within the exception. True, he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual. If he intentionally did drive over him, it would certainly be malicious." Mere excessive speed, though willful, does not imply malice, but in addition to that there must be some motive or purpose against a person or persons, or a basis for inference of such purpose inspiring the speed. In re Vena (D. C.) 46 F.(2d) 81. The question here is: Does the record show such other motive or purpose?

The right of this court to consult the record of the trial court is affirmed by In re Burchfield (D. C.) 31 F.(2d) 118, and In re Dutkiewicz, supra. In my opinion the testimony shows only the ordinary case of negligence without any maliciousness or willfulness. The injured boy and his brother were crossing the street, the former walking about three feet behind the latter. Bankrupt asserts that he was traveling about fifteen miles per hour, that he saw the first boy when about twenty feet away from him, that the second boy suddenly turned when he was about ten feet away and ran in front of the car, and that he then applied the brakes but was unable to stop before he struck the boy, the car traveling about four feet beyond the point of collision. It is contended for the judgment creditor that the statement by bankrupt that he did not apply the brakes down to the floor shows that the accident was willful and malicious. This is not necessarily so as bankrupt testifies that he did not expect he would hit the boy. There is no doubt as to the bankrupt's negligence, but the proof is not so strong as to justify holding the act to be willful and malicious.

The judgment debt is discharged, and the bankrupt shall be released by the sheriff of Niagara county from detention as the result of this judgment.