**In re Michael A. SLEE, Debtor.**

**Andrew WILLIAMS, Plaintiff,**

v.

**Michael A. SLEE, Defendant.**

**Bankruptcy No. 83–00246.
Adv. No. 84–0006.**

United States Bankruptcy Court,
D. Vermont.

June 15, 1984.

John E. McCamley, and Sigismund J.A. Wysolmerski, Rutland, Vt., for plaintiff.

K. James Malady, III, Bennington, Vt., for defendant.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the Court on the Complaint of Andrew Williams to Determine Dischargeability of Debt. It is predicated on § 523(a)(6) of the Bankruptcy Code which excepts from dischargeability any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

## BACKGROUND

The Debtor, Michael A. Slee, filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on December 23, 1983, and in his Schedules he listed a judgment obtained by Andrew Williams of 7 Norwalk Lane, Smithtown, New York 11787, in the Supreme Court of Suffolk County in the sum of $75,000.00. As a matter of fact this Judgment was entered on the 4th day of August, 1983 at a special term of the Supreme Court of the State of New York held in and for the County of Suffolk on the 29th day of July, 1983.

The Summons recites that the Defendant, Michael E. Slee, having been served with a Summons and Complaint and his time to appear, answer, or otherwise move with respect to the action having expired, and the Plaintiff having moved for a default judgment after the Defendant had failed to appear on three occasions, and upon the testimony of the Plaintiff, Andrew Williams, a decision having been rendered on March 28, 1983, in favor of the Plaintiff and against the Defendant, Mi-

chael E. Slee, it was ordered, adjudged and decreed that the Plaintiff recover of the Defendant the sum of $75,000.00 plus interest from March 8, 1983 of $2,775.00, together with costs and disbursements of $215.00, making a total sum due of $77,990.00.

The gravamen of the Complaint upon which Judgment was rendered apparently was assault and battery with willful and malicious injury by the Defendant to the person of the Plaintiff.

## FACTS

From the evidence adduced in this Court and the exhibits received at the hearing on the Complaint to Determine Dischargeability, the following facts are established.

On or about September 18, 1981, a beer party was being conducted at the residence of Chrissie Barnes at which six or seven young people were present including Plaintiff Williams. The Defendant on his way home from work visited the residence of Chrissie Barnes where the party was being held and almost immediately the Plaintiff and Defendant became involved in an altercation relative to the arrest of the Plaintiff and the Defendant's brother about one week prior to the beer party. The argument became rather noisy and both the Plaintiff and Defendant decided to leave the house apparently for the purpose of settling their differences outside. An altercation ensued and the Defendant struck the Plaintiff several times with rather severe blows with the result that the Plaintiff's jaw was broken in two places and he lost several front teeth. As a result of one of the blows thrown by the Defendant, Williams was knocked down against the front of a car parked near Chrissie Barnes' house resulting in further injury to the Plaintiff. The injuries received by Williams were of a permanent nature and required the setting of his jaw with pins and wires. He also received a number of bruises and was hospitalized at St. Johns Hospital in Smithtown, New York, for six weeks during which it was necessary that he be fed intravenously. The medical bills and expenses incurred by Williams resulting from the injuries received were from $25,-000.00 to $35,000.00. In addition, Williams lost six weeks time from work where he earned $300.00 a week take-home. He was not reimbursed for any of his expenses. He suffered severe pain, two scars, one on the left side of his face and one under the right side of his chin.

## DISCUSSION

■ The word "entity" under the Bankruptcy Code includes person, § 101(14). Therefore, § 523(a)(6) includes willful and malicious injury to the Plaintiff as a person.

■ An injury to a person may be a malicious injury within this exception if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill will. The word "willful" means "deliberate or intentional, a deliberate and intentional act which necessarily leads to injury." Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse may constitute a willful and malicious injury. 3 Collier, 15th Edition, 523–118, § 523.16(1), citing cases.

■ The test is not whether the actor intended to cause harm to a particular person or entity but whether the actor intended to engage in the willful malicious behavior. *Matter of Klix*, 23 B.R. 187, 7 C.B.C.2d 276. (Bankr.E.D.Mich.1982); *In Re Cooney*, 18 B.R. 1011, 6 C.B.C.2d 303 (Bankr.W.D.Ky.1982).

In this jurisdiction a willful and malicious injury to the person as it relates to an exception to a discharge in bankruptcy has been construed as an unlawful act done intentionally without cause or excuse. *In Re Cote*, 93 Vt. 10, 15, 106 A. 519.

■ The Defendant attempted to establish that he hit the Plaintiff in self defense and that the Plaintiff had struck him first with a "sucker punch." From the testimony of the parties and their appearance on the stand, the Court has serious reservations that the Plaintiff was in fact the aggressor. Even if this were true, the Defendant, if acting in self defense, could have repelled the Plaintiff with one blow and then retreated without continuing his

vigorous attack with a series of heavy blows.

The Defendant himself testified that after he struck his own first punch the Plaintiff backed off and did not subsequently attempt to strike Slee. It is clear that the Defendant used much more force than was necessary to protect himself and in fact vigorously attacked the Plaintiff for the purpose of wantonly inflicting bodily injury. In sum the action of the Defendant was clearly willful and malicious. As such, it falls within the purview of § 523(a)(6) and as a result, the Judgment obtained by the Plaintiff should be excepted from the discharge.

### ORDER

Upon the foregoing, IT IS ORDERED that the Judgment obtained by Andrew Williams against the Defendant, Michael E. Slee, on August 4, 1983 in the total sum of $77,990.00 in the Supreme Court of the State of New York held in and for the County of Suffolk is NON–DISCHARGEABLE.